[No. 2914. Decided April 4, 1899.]

COMMERCIAL BANK, *Appellant,* v. J. FERDINAND TOKLAS et al., *Respondents.*

PROMISSORY NOTES — TWO NOTES FOR ONE DEBT — INNOCENT PUR-CHASERS.

Where two promissory notes have been executed by the maker for the same indebtedness, the second note having been given with the intent that it should be a renewal of the one first given, and both notes have been transferred by the payee before matur-ity to an innocent purchaser for value, the payment of one of the notes does not, as against the *bona fide* holder of them, operate as a payment of both.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*Walker & Fitch,* for appellant.

*White, Munday & Fulton,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—Plaintiff and appellant seeks by this action to recover the amount alleged to be due on a promissory note made by the defendants and respondents, of which the following is a copy:

"$1,970.30.   Seattle, April 20, 1891.   Three months after date we promise to pay to the order of E. Holland & Co. nineteen hundred seventy 30-100 dollars, at 176 North Water St., Rochester, N. Y., value received. Toklas, Singerman & Co."

This note was, before maturity, indorsed by Holland & Co., and discounted by the appellant in the regular course of business. The complaint is in the usual form, and its sufficiency is not questioned. The respondents in their answer plead that the note was fully paid and satisfied prior to the filing of the complaint herein, and allege certain facts intended to show how, when, and by whom such payment was made. The cause was tried by the court without a jury, under a stipulation by the parties. The evidence satisfactorily shows that, when the note in controversy was executed, it was mutually agreed between the parties thereto that the makers thereof should have the right to renew it at maturity for the further period of three months; that it was indorsed by the payees, and discounted by the bank, in the regular course of business, and before its maturity; that before its maturity the respondents executed another note for the same amount, dated at Rochester, July 13, 1891, and forwarded the same by mail to E. Holland & Co.; that Holland & Co., instead of applying it to the purpose intended by the makers, indorsed it before maturity to the bank as security for upward of $400 then advanced to Holland & Co. by the bank, and also as security for a prior indebtedness evidenced by a promissory note and a check which had been received as cash and protested for nonpayment; that on July 15, 1891, the respondents, who were wholesale and retail merchants, sold their stock of goods and merchandise at Seattle to the MacDougall & Southwick Company, a corporation, said company agreeing, as part consideration for the transfer, to assume and pay the debts of the respondents, due and to become due; that, in pursuance of this agreement, the MacDougall & Southwick Company, on October 21, 1891, paid to the bank the sum of $1,971.94, that being the principal of the second note, and five days' interest thereon; and that the bank thereupon canceled and surrendered the

note. The trial court found as facts, from the evidence, that the application by the bank of the amount paid to it by the MacDougall & Southwick Company upon the second note was a wrongful diversion of the amount so paid; that said amount should have been applied by the bank upon the payment and cancellation of the first note; and therefore concluded that the note herein sued upon had been fully paid, satisfied and discharged, and should have been canceled and surrendered by the bank. Judgment was entered in favor of the defendants, in accordance with the findings of fact and conclusions of law made by the court.

The sole question to be determined upon this appeal is whether the payment of the second note by the MacDougall & Southwick Company constituted, in law, a payment of the note in suit. The learned counsel for the respondents contend, and, as we have observed, the trial court held, that the payment made by the MacDougall & Southwick Company should have been applied by the appellant in satisfaction of the note under consideration, and that the application of such payment to the satisfaction of the second note was a wrongful diversion of such payment; and, in support of their contention, counsel cite the case of *Commercial Bank v. MacDougall & Southwick Co.* reported in 40 N. Y. Supp., at page 189, which they claim is decisive of this question. It seems that the appellant instituted an action in the state of New York against the MacDougall & Southwick Company to recover the amount of the note sued on in this case, on the theory that it evidenced an obligation of Toklas, Singerman & Co., which the MacDougall & Southwick Company had agreed to pay, and, it appearing that the MacDougall & Southwick Company had previously paid all that Toklas, Singerman & Co. owed Holland & Co. at the time it assumed the payment of the debts of Toklas, Singerman & Co., the supreme court of that state very properly held that the action could not be maintained.

The only questions necessary to be determined by the court in that case were, what was the indebtedness of Toklas, Singerman & Co. to Holland & Co. on July 15, 1891? and had such debt in fact been paid? The court, though recognizing the fact that the action was not, in a legal sense, an action on the note, concluded that the first note was that which represented the indebtedness for which the MacDougall & Southwick Company was liable, and that the money paid by said company should have been applied in discharge of that note, and that the court would so apply it. But we are unable to perceive how it can successfully be maintained that that case determined the rights of the parties in the case at bar. As between the makers of these two notes and the payee, Holland & Co., the two notes represented but one and the same indebtedness, and the payment of one to Holland & Co. would have been a payment of both. And, as it is a conceded fact that both notes were for the same amount, and that amount was the sum which the MacDougall & Southwick Company had obligated itself to pay, it is clear that, when that company paid and took up the second note, it fully discharged its obligation, and was not thereafter concerned with regard to any other note held by the bank against Toklas, Singerman & Co. It was well said by the New York court, in the case referred to, concerning these notes, that "they both represented one indebtedness, insofar as the defendant [the MacDougall & Southwick Company] was concerned, and it was immaterial whether payment was made in form upon either one or the other. Such a payment would discharge his obligation." And, that being true, we think it logically follows that it was equally immaterial to the defendant in that case whether the money paid by it was applied to the satisfaction of the one or the other of the notes. What was said by way of argument in the course of the opinion, respecting the wrongful application or the

unlawful diversion of the payment by the bank, was unnecessary to, and really constituted no essential ingredient of, the decision of the case. While it is true that the MacDougall & Southwick Company discharged its obligation to these respondents by the payment made by it to the appellant bank, it may likewise be true that the respondents are legally liable to pay the note upon which this action is founded. It is admitted that the respondents executed two notes, each for $1,970.30, and delivered them to Holland & Co., the payees therein named. It is also admitted that the bank became a *bona fide* holder of the first note (the one under consideration), by discounting it in the regular course of business, before its maturity; and we think it may be safely asserted, under the evidence in the record and the finding of the court, that the bank was a *bona fide* holder of the second note also, at least to the extent of the indebtedness secured thereby. See *Yellowstone National Bank v. Gagnon,* 19 Mont. 402 (61 Am. St. Rep. 520, 48 Pac. 762). It certainly was such holder unless, at the time it received the note, it had notice that Holland & Co. had no right to pledge it as security for a present loan and for prior indebtedness, and the evidence does not warrant such a conclusion. We find, then, the appellant holding two promissory notes, with a legal right to enforce the payment of both by the makers. It demanded and received payment of one, and now demands payment of the other. This demand is met by the contention that the note has been paid by the payment of another note of like amount, which the makers, in contemplation of law, promised to pay to any *bona fide* holder thereof. It seems to us that the learned counsel for the respondents have, in this instance, inadvertently overlooked the distinction between payment and a counter demand or counter claim. Payment consists in something more than the holding of a valid claim by a debtor against a creditor. In

legal contemplation, it is the discharge of an obligation by the delivery of money or its equivalent, and is generally made with the assent of both parties to the contract. *Brady v. Wasson,* 6 Heisk. 131.

" To constitute a payment, money or some other valuable thing must be delivered by the debtor to the creditor for the purpose of extinguishing the debt, and the creditor must receive it for the same purpose." 18 Am. & Eng. Enc. Law, p. 150.

Assuming that the authorities above cited correctly announce the general rule of law on the subject of payment, we fail to find anything in the evidence to support the plea of payment. The first note was paid by Mr. Southwick for the MacDougall & Southwick Company, without the slightest knowledge on his part of the existence of the note sued on herein, and the money was received in payment of the second note only. How, then, can it be said that this note has been paid? In fact, it is not claimed that the money was paid or received for the express purpose of discharging this note. The real ground of complaint on the part of the respondents, as stated in the argument and brief of counsel, is that the bank, by surrendering the second note and suing on the first, has deprived the respondents of the right which they would have, in an action on the second note, of making the defense that the debt for which it was pledged was paid by Holland & Co. before payment was made by the MacDougall & Southwick Company.

But, granting that the respondents, in an action involving that issue, might be able to show that the appellant received more than it should have received on the second note, still we are at a loss to comprehend how it can be said that the question is within the issues presented by the pleadings in this case. We do not undertake to say that such an issue could not have been presented by the respond-

ents in their answer, but simply that it was not so presented. If it be true that the respondents, under a mistake of fact, or by reason of false and fraudulent representations on the part of the bank officials, paid to the bank more money than they were obligated by their contract to pay, they have a legal right to recover it back in some proceeding in which both parties can be heard, but not otherwise. The right claimed by the respondents is in the nature of a counterclaim under the code, and a counterclaim is never available under the plea of payment. *Wagener v. Mars,* 20 S. C. 533. It seems unjust that the respondents, after having paid the second note, should now be compelled to pay the first, but we see no way of relieving them of the burden without totally disregarding the settled principles of law, which we are not at liberty to do. Said the New York court, in the case before cited:

" The makers of the note were precluded by the rules of law applicable to negotiable paper from setting up, as a defense to an action by a *bona fide* purchaser for value, the wrongful diversion of the note."

When the respondents executed and delivered these notes to Holland & Co. they put it in their power to divert them from the purpose for which they were intended, and, in the view of the law, promised, as we have already intimated, to pay them to any *bona fide* holder to whom Holland & Co. might wrongfully and fraudulently negotiate them. That they were fraudulently diverted is a misfortune of the respondents, for which no relief can be granted in this action. The judgment is reversed, and the cause remanded to the court below, with instructions to enter a judgment for the plaintiff for the full amount of the note, together with interest thereon from the date of maturity.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.