[No. 13142. Department Two. February 2, 1916.]

R. G. HARGRAVE et al., Appellants, v. THE CITY OF COLFAX, Respondent.[1]

ACCORD AND SATISFACTION—PLEADING—ANSWER — SUFFICIENCY. In an action for damages to abutting property by the regrade of a street, the city's answer to the effect that the parties agreed that the city should build a concrete retaining wall, the building of which "would make everything perfectly satisfactory" to the plaintiffs, sufficiently alleges an "accord and satisfaction," in the absence of any motion to make more definite and certain, especially where plaintiffs joined issue thereon and set up their version of the contract or agreement.

HUSBAND AND WIFE—CONTRACT BY HUSBAND—DAMAGE TO COMMUNITY PROPERTY — ACCORD AND SATISFACTION — KNOWLEDGE OF WIFE—ESTOPPEL. An accord and satisfaction of damages from the regrade of a street, by the city's construction of a retaining wall, entered into by the husband alone, is sufficiently shown to have been authorized by the wife so as to bind her and the community, where it appears that they resided on the property, that the wife first discovered the work of the city, which was stopped until the agreement was made, that it was made at their residence, and the wife knowingly permitted the husband to act in the matter; in view of Rem. & Bal. Code, § 5918, giving the husband the management and control of the community real property.

ACCORD AND SATISFACTION—PLEADING AND ISSUES—INSTRUCTIONS. Upon an issue as to whether the plaintiff husband entered into an accord and satisfaction of damages to abutting community property from the regrade of a street, by an agreement for a concrete retaining wall to be built by the city, an instruction limiting the jury to such issue, and to the amount of the damages, if any, is not error where instructions requested by plaintiffs were to the same effect, except as to a further direction as to the effect of the wife's failure to join in the agreement, where there was no evidence on the part of the plaintiff to meet defendant's evidence to the effect that the husband acted at all times on behalf of himself and wife.

[1] Reported in 154 Pac. 824.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered June 13, 1914, upon the verdict of a jury rendered in favor of the defendant, in an action for damages from the regrade of a street. Affirmed.

*Neill & Burgunder*, for appellants.

*Chas. F. Voorhees*, for respondent.

HOLCOMB, J.—Appellants' action against respondent was to recover damages by way of diminished market value, resulting from the regrade of streets on which their community property abuts. The streets being improved were Main and James streets, abutting on appellants' property on two sides. The original grade on both streets was established by ordinance in 1891, and the streets were afterwards physically graded to the established grade. Appellants' property was thereafter improved and adjusted with reference to the grade, and, among other improvements, a stone wall was built around the property on Main and James streets. Appellant R. G. Hargrave signed the petition to the city council to regrade and improve Main and James streets adjacent to the property of appellants. In April, 1912, respondent commenced to improve the streets by regrading and paving. The regrade cut each street at the corner of appellants' property about six feet below the old established grade. When the graders began to grade James street, they commenced to cut at the base of appellants' retaining wall without leaving a shoulder. Appellants called the attention of the street committee of the city council to the fact that, if the grade was made in that way, the retaining wall on James street would fall and appellants' property slide onto the street. The street committee of the council went to the property and, in company with R. G. Hargrave, viewed the premises and decided to build a concrete wall along James street about four feet out from the property line, and fill in behind it so as to hold the old retaining wall in place and prevent it from

falling. This wall was afterwards built by the city at its expense.

In its answer, respondent alleges that, by reason of R. G. Hargrave having signed the petition asking for the street improvements referred to, and the fact that, during all the time the improvement was being made, appellants resided on the property and made no demand for damages prior to the bringing of the suit, they are estopped to claim any damages whatsoever by reason of the matters of which they complain in their complaint. It was also affirmatively alleged by respondent, in substance, that the building of the concrete wall hereinbefore referred to by the respondent, at its expense, would make everything perfectly satisfactory to appellants; and it was further alleged that, in all the matters and at all the times referred to by respondent, R. G. Hargrave acted for himself and for and on behalf of his wife and coplaintiff, Frances P. Hargrave.

Appellants unsuccessfully moved to strike from the affirmative answer the allegations that R. G. Hargrave acted for himself and for and on behalf of his wife and coplaintiff; that he signed a petition for the improvement of the street; that he at all times knew, during the making of the improvement, of the plans therefor and never at any time made any objections; and that he expressed himself satisfied with a proposed ten per cent grade of the streets adjacent to their property. Upon the denial of these motions, appellants replied, denying certain allegations, and admitting the allegation of respondent's answer that there was an understanding and agreement between the parties that respondent would build, at its own expense, the concrete wall referred to and in the manner mentioned; but denied that it was then understood and agreed that everything would be perfectly satisfactory to them. They further affirmatively alleged that there was no agreement and understanding between appellants, or either of them, and respondent that the erection of the wall would compensate them or be in satisfaction for any

of the damages claimed in the complaint. At the trial, when the defense rested, upon motion of appellants to strike from the record and to instruct the jury to disregard any and all testimony offered by respondent in relation to any affirmative matters alleged in its answer except in regard to values and damages, the court allowed all of appellants' motion, except as to evidence pertaining to the understanding or agreement in connection with the building of the wall. Upon this issue, the case was submitted to the jury, and the jury returned a general verdict in favor of respondent, and answered in favor of respondent the following special interrogatory: "Did plaintiffs and defendant have an understanding or agreement at or about the time defendant agreed to build the concrete wall mentioned in the pleadings, whereby or in pursuance of which all damages to plaintiffs' property caused by the regrading of Main and James streets should be fully settled?" To this interrogatory, the jury answered "Yes."

I. All the errors claimed by appellants arose out of, or in connection with, the affirmative answer. As to most of the affirmative answer, there is nothing of which appellants can now complain. All of the matters were stricken, and the jury instructed to disregard the evidence offered in support of them, except as to the understanding or agreement between the parties concerning the building of the concrete wall. It is claimed by appellants that what was left of the affirmative answer was intended by respondent to set up an equitable estoppel, and considered by the court to raise the question of accord and satisfaction. As to the accord and satisfaction, it is asserted that it does not sufficiently plead same; that a plea of accord and satisfaction "must allege that what was done or given was in satisfaction of the cause of action, and also that what was done or given was accepted in satisfaction." 1 Cyc. 343, 344.

It is asserted that, in respondent's pleading, it is nowhere alleged that the building of the wall was to be in satisfaction of all damages. It is true that the affirmative answer did not

use the specific words "accord and satisfaction," and did not
specifically say that the things agreed upon were to be in
full satisfaction of all damages. It seems to have used lan-
guage conforming to the form of the understanding or agree-
ment which, as shown by the record of the testimony on be-
half of respondent, was that the building of the concrete wall
and other minor matters by the respondent "would make
everything perfectly satisfactory to appellants." There is
no particular magic in words. Our code abolishes all distinc-
tions formerly existing at common law as to the form of
actions or pleadings. It is now provided simply that a com-
plaint must consist of "a plain and concise statement of facts
constituting the cause of action, without unnecessary repeti-
tion," and "a demand for the relief which plaintiff claims"
(Rem. & Bal. Code, § 258; P. C. 81 § 223); that an answer
must contain "a general or specific denial of each material
allegation of the complaint controverted by the defendant,"
and "a statement of any new matter constituting a defense
or counterclaim, in ordinary and concise language without
repetition" (Rem. & Bal. Code, § 264; P. C. 81 § 235). Ac-
cordingly, under the code, the pleading is judged by the facts
pleaded, and not by any technical rule obtaining under the
common law. The allegations of the answer might possibly
have been more specific or more technical, but appellants did
not move to make them more definite and certain and did not
demur to the answer. No motion of any kind was made
against that particular affirmative allegation of the answer
upon which the case was submitted to the jury, except the
motion, at the conclusion of respondent's evidence, that all
testimony offered by defendant in relation to any affirmative
matters alleged by it be disregarded by the jury. Upon
this affirmative allegation, appellants had joined issue and
set up their version of the contract or agreement. They al-
lege that the wall was built according to the agreement
merely to prevent future damage by the sliding of their
property.

It is immaterial what technical name be given to the matter set up in its defense. It stated the facts as the code requires, in ordinary and concise language. It certainly was competent to allege and to prove that the parties had agreed in advance upon the method of settling the matter of damage arising from the regrade of the streets; and upon an allegation and showing that the agreement had been performed by the respondent, it would certainly be a good and sufficient defense to the action for damages, either as a legal or an equitable defense. An "accord is a satisfaction agreed upon between the party injuring and the party injured." 3 Blackstone, 15. We think accord and satisfaction were here sufficiently alleged. It is a question for the jury whether the agreement or the performance was accepted in satisfaction. *Bahrenburg v. Conrad Schopp Fruit Co.*, 128 Mo. App. 526, 107 S. W. 440.

II. Appellants contend that the wife never agreed to the building of the wall as a settlement of all the questions that might arise between them; that she never was a party to any contract or agreement at all, and that, therefore, she was not bound by any action taken by her husband involving the taking or damaging of their community property. There is ample evidence to the effect that R. G. Hargrave made the agreement alleged by respondent and as found by the jury. Whether Mrs. Hargrave authorized the same is another question.

The appellants joined in their pleadings and joined in the reply to the respondent's affirmative answer. In the reply they admitted that there was a contract between them and respondent, but denied that it was as alleged by respondent. The statute, Rem. & Bal. Code, § 5918 (P. C. 95 § 29), provides that "the husband has the management and control of the community real property, but he shall not sell, convey, or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which it is sold, conveyed, or encumbered." The

case of *Parke v. Seattle*, 8 Wash. 78, 35 Pac. 594, is cited
and relied upon by appellants to sustain their contention. In
that case it was held that, in an action for damages for the
wrongful taking of community real property, the wife was
a necessary party plaintiff with the husband; and it was
stated that the husband alone could not authorize such taking
or damaging of the community real estate in the first in-
stance. The case is of little importance here, however, for
the reason that, in this case, the husband and wife are joined
in the action and they admit and allege that a contract was
made. Furthermore, there is evidence in the record tending
to show, that the wife first discovered the nature of the grade
or cut that was being made adjacent to their property; that
she telephoned her husband, and that her husband came to
see the work and called the street committee of the city coun-
cil to act in the matter. The wife did not testify. What-
ever agreement was made, was made at their residence. They
resided upon the premises all the time. The appellants cer-
tainly cannot be heard to say that the community could au-
thorize the husband to act as the agent to make one contract
in regard to the matter then in controversy, for the benefit
of appellants and which was acted upon by respondent, but
not another. The wife knowingly permitted the husband to
deal with the matter. Under the circumstances, we think
there was sufficient evidence to warrant the jury in finding
that the agreement was made for and with both appellants.
*Bowers v. Good*, 52 Wash. 384, 100 Pac. 848; *Pearl Oyster
Co. v. Seattle & Montana R. Co.*, 53 Wash. 101, 101 Pac.
503.

III. The court instructed the jury, limiting their con-
sideration of the matters involved in the case to the questions:
(1) Was there a contract, understanding, or agreement be-
tween the plaintiffs and the defendant, made or had at or
about the time agreed, to build the concrete wall mentioned in
the evidence, whereby or in pursuance of which all damages
occasioned to plaintiffs were settled by reason of the city

erecting the wall; and (2) if there was no such understanding or agreement, then what damages, if any, did plaintiffs suffer by reason of the change of grade? These instructions were followed by others appropriate to those issues, and the jury were instructed that the burden of proof was upon respondent to support its affirmative allegation. These instructions were excepted to by appellants, and an instruction tendered and refused by the court is also made the basis of a claim of error. Under the issues in the case developed, however, we think the instructions given were proper, and the refusal of the instruction tendered by appellants was not prejudicial. The requested instruction was, in effect, the same as the instructions given by the court upon the issues submitted to the jury, except that it contained the further direction that, if the jury found by the preponderance of the evidence that R. G. Hargrave did make such agreement, it would not be binding on the plaintiffs, unless they further found by a preponderance of the evidence that the plaintiff Frances P. Hargrave also made such agreement, or authorized her husband to make such agreement.

Bearing in mind that a part of the affirmative allegation upon this issue of respondent's answer was that R. G. Hargrave was at all times and in all the things referred to acting for and on behalf of himself and his wife, and that there was some evidence tending to support that allegation, and that there was no testimony to the contrary on the part of appellants, and observing further that the court instructed the jury that the burden of proof was upon the defendant to prove by a preponderance of evidence the material allegations of the affirmative matter set up in its answer which had not been admitted by appellants in their reply or during the progress of the trial, we are of the opinion that the court committed no error in giving and refusing instructions.

We find no error. Judgment affirmed.

MORRIS, C. J., BAUSMAN, MAIN, and PARKER, JJ., concur.