[No. 17000.   Department One.   October 7, 1922.]

J. A. INGRAM, *Respondent,* v. K. SAUSET *et al.,
Appellants.*[1]

ACCORD AND SATISFACTION (3, 9)—PART PAYMENT—ACCEPTANCE OF
CHECK—EVIDENCE—SUFFICIENCY. Where an account was in dispute,
the cashing of a check for an admitted balance, mailed with the
debtor's itemized statement of the account, without conditions at-
tached, is not an accord and satisfaction, although the creditor
understood that the debtor intended it as full payment, where it
was not so accepted; since there was no meeting of the minds.

Appeal from a judgment of the superior court for
Whatcom county, Hardin, J., entered May 20, 1921,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on contract. Affirmed.

*Kellogg & Thompson,* for appellants.
*Bixby & Nightingale,* for respondent.

TOLMAN, J.—This action was brought by respondent,
as plaintiff, to recover for labor, material and supplies
performed and furnished for and to appellant Sauset,
upon a contract for street improvements in the city of
Bellingham. The appellant United States Fidelity

[1]Reported in 209 Pac. 699.

and Guaranty Company is the surety on the bond given by Sauset conditioned for the performance of the terms of the contract. The principal defense, and the one here involved, was a plea of accord and satisfaction. The case was tried to a jury, which returned a verdict in respondent's favor for the full amount claimed, and from a judgment thereon, including attorney's fees fixed by the court, both defendants have appealed.

It appears without substantial dispute that, after the services were rendered, respondent, through a letter written by an attorney, requested a settlement, the amount due being then in dispute. Some two weeks later appellant Sauset mailed to respondent a purported statement, as follows:

"Mch. 30, 1918.

"K. Sauset
  "To J. A. Ingram, Dr.
  "For work to date on Army St.

| | | |
|---|---|---|
| November | 135 | hrs. |
| December | 132½ | hrs. |
| January | 169 | hrs. |
| February | 157 | hrs. |
| March | 78 | hrs. |
| | 671½ | hrs. |

| | | |
|---|---|---|
| 84 days at 4.00 | | $336.00 |
| Drawn by Ck from K. S. | 55.00 | |
| From Geo. F. Ambrose | 48.84 | |
| | 103.84 | 103.84 |

"Balance due ...................... $232.16"

Enclosed with the statement was a check dated April 3, 1918, in the usual form, payable to respondent for the sum admitted by the statement to be due. On receipt of the statement and check, respondent took them to his then attorney, indorsed the check and left both with his attorney with the understanding that, if upon

investigation it was determined that the check could be accepted as payment on account only, it should be cashed by the attorney. The check was cashed on April 8, 1918, and thereafter this action was begun to recover what is claimed to be the balance.

It is true that, on cross-examination, respondent testified in effect that he received the idea from the statement and check that Sauset intended that the check should be payment in full; that he (respondent) was unwilling to so accept it, and advised his attorney to cash the check only in the event that it could safely be accepted and treated as a payment on account. From this it is argued that respondent, knowing the check was intended as payment in full, is as much bound thereby as though the statement or the check, one or both, bore a written notice of the maker's intention. The argument is plausible, but we think unsound. In *LeDoux v. Seattle North Pacific Shipbuilding Co.,* 114 Wash. 632, 195 Pac. 1006, we said:

"The general rule is that, where a debtor sends to his creditor a check for the amount he is willing to pay, and at that time informs the creditor that he intends the check to be considered as full payment, then, by the acceptance and cashing of the check, the creditor agrees to the settlement and cannot thereafter seek additional compensation."

And in this and all other cases where the matter is fully considered, the meeting of the minds so as to create an agreement of the parties is an essential feature. There are cases, it is true, where very slight evidence of the meeting of the minds has been held to be conclusive, but we think none which in terms denies the principle which we have just pointed out. The rule is thus stated in 1 Cyc. 332.

"To constitute an accord and satisfaction it is necessary that the money should be offered in full satisfac-

tion of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions. The mere fact that the creditor receives less than the amount of his claim, with knowledge that the debtor claims to be indebted to him only to the extent of the payment made, does not necessarily establish an accord and satisfaction. Where, however, a sum of money is tendered in satisfaction of the claim, and the tender is accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction. This is true although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim.''

See, also, 1 Corpus Juris 523; 1 R. C. L. 177; *Harrison v. Henderson*, 67 Kan. 194, 202, 62 L. R. A. 760; *Canton Union Coal Co. v. Parlin & Orendorff Co.*, 215 Ill. 244, 74 N. E. 143, 106 Am. St. 162; *Nassoiy v. Tomlinson*, 148 N. Y. 326, 51 Am. St. 695. Nor do the cases upon which the appellants rely, as we read them, in anywise deny this rule.

The fallacy of appellants' position lies in this: first, whatever Sauset's intention, the check was not offered in full satisfaction of the demand, though respondent thought that Sauset intended or hoped it would be so accepted; no conditions accompanied it and there was nothing to indicate that it might not, in the event that the payee declined to accept it as full payment, be applied on account and further negotiations be had as to the remainder of the claim. Second, there is nothing in the record to indicate that respondent ac-

cepted the check as full payment. He testifies that he would not, and did not, so consider it, and his acts in taking it to his attorney with directions to cash it only if it could be applied on account bear out his testimony. Hence there was no meeting of the minds, no agreement to compromise, and no accord and satisfaction. The jury were privileged to take this view of the evidence and its verdict establishes the facts as related. The trial court did not err in denying the motions for nonsuit, for judgment *non obstante veredicto,* or for a new trial. The jury was properly instructed and the judgment must be affirmed. It is so ordered.

PARKER, C. J., BRIDGES, and MAIN, JJ., concur.