[No. 17227. Department One. January 19, 1923.]

FIRST NATIONAL BANK OF RITZVILLE, *Respondent,* v.
WHITE-DULANEY COMPANY, *Appellant.*[1]

ACCORD AND SATISFACTION (8)—PLEADING—ANSWER—WAIVER OF
OBJECTIONS. Failure to specially plead an accord and satisfaction is
waived by failing to object to evidence offered to establish it.

SAME (2, 9)—FORM OF AGREEMENT—ACCEPTANCE OF CHECK—UN-
LIQUIDATED CLAIMS—EVIDENCE. The acceptance and cashing of a
check, tendered in full payment, constitutes an accord and satisfac-
tion, where the claim was unliquidated, because although the claim
itself was fixed and certain, there was an admitted offset the amount
of which was disputed and uncertain.

SAME (2, 9). There was an accord and satisfaction of an un-
liquidated claim where a check was given in full payment for wheat
receipts, sent for collection, less a deduction for an unpaid bill for
sacks, which was in dispute, and the check was finally accepted and
cashed.

SAME (2, 9). The fact that officers of a bank did not know the
legal result of accepting a check, does not militate against its being
an accord and satisfaction.

Appeal from a judgment of the superior court for
Adams county, Truax, J., entered January 9, 1922,
upon findings in favor of the plaintiff, in an action
for conversion, tried to the court. Reversed.

*Adams & Miller* and *Hastings & Stedman (Donald
G. Graham,* of counsel), for appellant.

*G. E. Lovell,* for respondent.

FULLERTON, J.—Respondent, a banking corporation,
brought this action against the appellant, a ware-
houseman and grain buyer, to recover the sum of
$483.80, claimed to be due because of the conversion of
certain wheat. The cause was tried without a jury
in the court below, and resulted in a judgment in fa-

¹Reported in 212 Pac. 262.

vor of the respondent for the full amount prayed. The appeal is from the judgment rendered.

Substantially, the facts necessary to a consideration of the case are as follows: One G. Lobe, a farmer, in October, 1920, gave to the respondent a mortgage on practically all of his property, including his wheat crop, to secure a note of $2,500. After this mortgage was executed, Lobe purchased from the Milwaukee Grain Elevator Company sacks for his wheat crop to the amount of $483.80. The wheat was harvested and taken to the warehouse of the Milwaukee Grain Elevator Company at Pizarro, and negotiable receipts for the wheat to the order of Lobe were issued. These receipts were turned over by Lobe to the respondent bank as a partial payment of his indebtedness, and were by the bank sent to the First National Bank of Lind for collection. It appears that the agent of the Milwaukee Grain Elevator Company was also the agent of appellant, and that all wheat purchased by that company was paid for by the appellant. This agent, Mr. Krehbiel, was seen by Mr. Finck, one of the officers of the bank of Lind, and solicited to buy the receipts. Mr. Krehbiel testified that he refused to purchase the receipts until the sack bill was paid, and that there was some conversation between them as to the right to make the deduction for the sacks, the officer of the bank finally telling him to "take them along." Mr. Krehbiel then figured the amount of wheat represented by the receipts at the market value, deducted the amount of $483.80 for the sack bill, made out a check on behalf of the appellant company for the balance, and cancelled the receipts. Later that same day, Mr. Finck went to the office of the elevator and demanded the receipts, stating that the respondent bank wanted them back. Mr. Krehbiel told him they had

been cancelled and tendered the check. This Mr. Finck refused to receive. Some days later Mr. Krehbiel was called into the office of one H. E. Gritman, who was president of the First National Bank at Lind and vice-president of the respondent bank. There they discussed the question further, and finally Mr. Gritman said: "Let me have the check and the statement and I will take it up with the First National Bank at Ritzville." There was no further communication between the parties and the check was endorsed and cashed by respondent bank on April 6, 1921. This action was commenced on April 16, 1921.

The court below made the following finding of fact:

"That plaintiff had a mortgage on certain wheat belonging to G. Lobe; that the said Lobe hauled said wheat to Lind, Washington, and left same in the warehouse of the Milwaukee Elevator Company and took warehouse receipts therefor; that he delivered the said warehouse receipts to plaintiff to be sold and the amount endorsed on the indebtedness due plaintiff; that the said Lobe endorsed the same on back and delivered to plaintiff; that plaintiff sold the said warehouse receipts to defendant and defendant retained from the amount due thereon the sum of $483.80. That the sale took place on April 2nd, 1921. That defendant delivered check for the remaining grain to H. E. Gritman, who claims to be vice-president of plaintiff, as full settlement, and the said H. E. Gritman said he would take said check to the First National Bank of Ritzville and see about it."

and from that finding concluded that:

"Judgment would be given against the defendant in the sum of $483.80, and for its costs and disbursements in this action expended, together with interest at legal rate from April 2nd, 1921."

Four assignments of error are made, but they resolve themselves into the one question whether, under the circumstances disclosed by the record, the ac-

ceptance of the check and the statement constitutes·an accord and satisfaction.

Respondent contends that the defense of accord and satisfaction may not be urged, as it was not specifically pleaded. However, in the answer it is alleged that "plaintiff has waived its right to claim anything on account of said sacks from defendant; that plaintiff is estopped from claiming same." Respondent ·did not object to the admission of proof tending to establish this defense, and it is a general rule that the failure of the defendant to plead accord and satisfaction specially is waived by failure to object to evidence offered to establish it upon that ground. 1 C. J. 573; *Hargrave v. Colfax*, 89 Wash. 467, 154 Pac. 824.

The question whether there has been an accord and satisfaction in any given case is generally a mixed question of law and fact. The rule of law adopted by this court, following the weight of authority, is found in *Le Doux v. Seattle North Pac. Shipbuilding Co.*, 114 Wash. 632, 195 Pac. 1006, wherein, at page 645, it is said:

"The general rule is that, where·a debtor sends to his creditor a check for the amount he is willing to·pay, and at that time informs the creditor that he intends the check to be considered as full payment, then, by the acceptance and cashing of the check, the creditor agrees to the settlement and cannot thereafter seek additional compensation."

·· This rule is not applicable where the debt or amount is liquidated or certain and due, unless there is a new consideration. 1 C. ·J. 539. But in this case, while the amount due on the receipts is definite and fixed, yet the fact that there was a claimed offset, which was disputed, renders the debt unliquidated. In 1 C. J. 556, it is said:

"By the weight of authority, where the debtor has an offset or claim for damages against the creditor which the latter does not concede, his claim against the debtor, although not disputed, except in respect of the offset or damages claimed, will nevertheless be considered unliquidated, the view being taken that there is no material difference between a dispute directly involving the claim itself and a dispute involving an offset against the claim; that whatever may be the ground of the dispute the fact remains that there is one."

The rule is applied in *Stanley-Thompson Liquor Co. v. Southern Colorado Mercantile Co.*, 65 Colo. 587, 178 Pac. 577, 4 A. L. R. 471. A case note at page 474 cites and discusses a large number of authorities on this question.

We find the rule stated in 1 R. C. L. 198, as follows:

"A demand, however, is not liquidated, or undisputed, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two different sums is due, but there is a genuine dispute as to which is the proper amount, the demand is unliquidated within the meaning of that term as applied to accord and satisfaction. A dispute as to the right to a set-off or counterclaim against an otherwise undisputed claim has properly been held to render the claim as a whole a disputed claim, as the claim should be treated as a single claim consisting of the undisputed part and the set-off or counterclaim."

Clearly, therefore, there was here an unliquidated claim, so it is not necessary to determine whether there was a new consideration. There is no evidence in the case that would render the rule laid down by this court in the *Le Doux* case, *supra,* inapplicable. It is not necessary that it be shown that the respondent or its officers knew the legal result of their acceptance of the check, as the mere acceptance will be regarded as assent.

*Barham v. Bank of Delight,* 94 Ark. 158, 126 S. W. 394, 27 L. R. A. (N. S.) 439, and cases cited.

In our opinion, the trial court was fully justified in holding that the check was tendered in full settlement of the differences between the parties, but in error in holding that it was not so accepted by the respondent bank.

The judgment is reversed, and remanded with instructions to enter a judgment to the effect that the plaintiff, respondent in this court, take nothing by its action.

PARKER, TOLMAN, and BRIDGES, JJ., concur.