[No. 24064. Department One. January 5, 1933.]

A. H. HEILAND, *Respondent,* v. OTTO S. GRUNBAUM et al., *Appellants.*[1]

[1]Reported in 17 P. (2d) 864.

*Eggerman & Rosling,* for appellants.
*Newman H. Clark,* for respondent.

Millard, J.—We are concerned with only two of four causes of action on which plaintiff sought recovery, as one cause was stricken on plaintiff's motion, and on one recovery was denied and plaintiff did not appeal. The first cause of action was to recover an amount, with interest thereon, equal to the dividends alleged to have been guaranteed by the defendants on six shares of stock sold to the plaintiff. The third cause of action was for recovery of the value of three shares of bonus stock which the plaintiff alleged the defendants promised to issue as a consideration for the purchase of six shares of stock. From findings and judgment in favor of the plaintiff on the first and third causes of action, the defendants have appealed.

In December, 1923, A. H. Heiland, and other employees of the Grunbaum Bros. Furniture Company, Inc., accepted their employer's oral offer to sell to them, on installment payments without interest, a number of shares of the corporation's capital stock. Heiland's promissory note of six hundred dollars for six shares of the stock was finally paid September 15, 1927. Heiland's testimony that, to induce the employees to make the purchase, the corporation promised to issue to each purchaser (upon final payment of the original purchase note) one-half share of stock as a bonus for each share purchased, was controverted by evidence in behalf of the appellants.

Otto S. Grunbaum, the president of the corporation, owned ninety-five per cent of the corporation's capital stock. Under his written agreement of April 4, 1925,

with Heiland, Grunbaum guaranteed to Heiland the payment, out of Grunbaum's personal funds, of eight per centum per annum, payable semi-annually, unless dividends of that amount or greater were declared by the corporation. Under the terms of that contract, Heiland was required, in the event that he left the employ of the corporation, to sell his shares of stock to Grunbaum, who agreed to pay therefor the book value of the stock, as established at the last previous annual or semi-annual closing of the books. Grunbaum agreed, however, to pay for Heiland's stock not less than the amount paid for that stock by Heiland. The agreement reads as follows:

"WHEREAS, Otto S. Grunbaum has caused to be sold or issued to A. H. Heiland, six (6) shares of the capital stock of the Grunbaum Bros. Furniture Co. Inc., and has guaranteed to the said A. H. Heiland, the payment out of his personal funds of 8% per annum, payable semi-annually on the first day of July and the first day of January of each year, unless dividends of this amount or greater are declared by the Grunbaum Bros. Furniture Company, Inc.

"WHEREAS, the sale of this stock was made to the said A. H. Heiland for the purpose of gaining a larger interest on his part in the affairs of the Grunbaum Bros. Furniture Co., Inc.

"Now, therefore, It is agreed and understood by and between the parties hereto, First: That if, and when, any dividends are declared by the Grunbaum Bros. Furniture Company, Inc., that any amounts advanced by Otto S. Grunbaum to equalize the 8% above mentioned shall first be deducted from the said dividends payable to the said A. H. Heiland and be payable to the said Otto S. Grunbaum, and further, that if the said A. H. Heiland should for any cause leave the employ of the Grunbaum Bros. Furniture Co., Inc., that it is agreed by and between Otto S. Grunbaum and the said A. H. Heiland that Otto S. Grunbaum will purchase and the said A. H. Heiland will sell to the said Otto S. Grunbaum, subject to the bylaws of the Grunbaum

Bros. Furniture Co., Inc., all of the stock which the said A. H. Heiland may be possessed of at the time of such severance of relations as employer and employee between himself and the Grunbaum Bros. Furniture Co., Inc., at the book value of said stock as this value may be established at the last previous annual or semi-annual closing of the books, *Provided, however,* That in any event the said A. H. Heiland shall receive for said stock a sum not less than that which he paid for the same.''

During the period Heiland owned the stock, there was no declaration of dividends. There is testimony on behalf of the appellants, denied by the respondent, that the respondent agreed that it would be better to plow the profits back into the business and thereby increase the earnings. At any rate, Heiland never received from Grunbaum or the corporation the guaranteed return on his investment. The contract, after it was signed by Heiland and Grunbaum, was retained by the latter. The former never had a copy of that contract. In 1928, Heiland deposited the six shares of stock with Grunbaum as collateral to a personal loan of nine hundred and sixty dollars.

On March 8, 1930, the relationship of employer and employee was severed. Whether voluntarily or by request of the employer, is unimportant. On that date, Heiland had his final conference with Grunbaum, and it is on that date that appellants contend a final and complete settlement was made of all matters in controversy. Thereafter, respondent instituted suit as stated above.

Appellants contend that the settlement of March 8, 1930, constituted an accord and satisfaction which concludes any claim the respondent may have had for the three shares of bonus stock.

Heiland, so Grunbaum testified, was told that the delivery to, and acceptance by, him of Grunbaum's

check on March 8, 1930, was in full settlement of all claims. Heiland testified that, at that conference, he demanded the three shares of stock which had never been delivered to him, and payment of the true value of the shares (six originally purchased and the three bonus shares) of stock owned by him. He made no demand for payment of the interest guaranteed under the contract of April, 1925, as he did not have a copy of the contract and did not know that was due to him.

Grunbaum told Heiland that the latter was not entitled to bonus stock, and insisted that, under the contract of April, 1925, Heiland was required to sell to Grunbaum the six shares of stock. No mention was made by either of the parties, during the conference, of the item of guaranteed interest. Either Heiland did not know that he was entitled to it or overlooked the matter. It may be, also, that Grunbaum did not consider that Heiland was entitled to the interest, in view of the increased value of the stock; that he overlooked the matter; or that he deemed the final settlement included the item of interest.

Heiland, though insisting that he was entitled to $2,250, the value of nine shares of stock at $250 each, consented to the settlement made with Grunbaum, to whom Heiland transferred the six shares of stock. Under that settlement, the note of Heiland for the personal loan, and on which Heiland still owed $910, was cancelled; the interest due on that note was remitted; Heiland was paid a salary bonus, and was given a check in an amount representing the difference between the amount to which Grunbaum conceded Heiland was entitled ($182 a share) and the amount Heiland owed to Grunbaum.

Included in the subject matter of Heiland's agreement with Grunbaum was the bonus stock, but excluded from that subject matter was the claim later

presented of guaranteed interest on the six shares of stock. There was no dispute as to interest. The parties acted as though ignorant of that provision of the 1925 contract. There was, however, a real dispute as to the three shares of bonus stock. That was a part of the subject matter of the agreement, hence the acceptance of the check in final settlement of the disputed claim constituted an accord and satisfaction, and bars recovery thereon.

"An accord and satisfaction operates as a final bar to the demand or subject matter of the agreement for accord and satisfaction." 1 R. C. L. 201.

Respondent insists that the check of Grunbaum was not accepted as a final settlement; that he told Grunbaum:

"I am not satisfied with it, and I demand of you to produce the copy of that written agreement. I have got to see it, and I demand you get it for me."

Grunbaum replied:

"I will get that agreement for you, and I will see that you get a copy of it, and if that agreement contains anything else than I have told you, I will live up to the agreement."

This testimony, when read in the light of respondent's testimony that, subsequent to the compromise and settlement of March 8, 1930, he made a written demand dated June 17, 1930, on appellants only for the interest, supports appellants' position that respondent limited his demand to interest only because all the other demands had been discussed at the time of the compromise and settlement and had been rejected by Grunbaum. Other testimony of Heiland is convincing that Heiland's desire to inspect the contract was induced by the belief that the contract did not require him to sell the six shares of stock to Mr. Grunbaum, and that the check of Grunbaum was accepted in final

154

settlement of the disputed claim respecting the bonus shares.

Grunbaum did not breach his promise to send the contract to Heiland in order that the latter might inform himself as to his rights and obligations under the contract. Heiland read the contract as soon as it was received, and discovered that Grunbaum should have paid to him twenty-four dollars semi-annually following Heiland's purchase of the six shares of stock. Immediate demand was made by Heiland upon Grunbaum for payment of that interest. The demand was refused. This action ensued.

Under the contract, there was due and payable by appellants to respondent, on July 1st and December 1st of each year after the execution of the contract, twenty-four dollars. The amount payable was definitely fixed by the contract. On the due date, the amount became liquidated. As to each amount, an action could have been maintained. It follows that, as from the date a liquidated amount is due, interest thereon at the legal rate is recoverable, the trial court correctly allowed interest on each semi-annual installment of interest from the date it became due.

We have considered other questions raised, and find them to be without substantial merit. The respondent was not entitled to recover for the three shares of bonus stock. To that extent, the judgment should be, and it is modified; appellants to recover costs on appeal.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.