[No. 24178. Department Two. March 20, 1933.]

ABE KUBEY, *Respondent,* v. COAST ATHLETIC CLUB, *Appellant.*[1]

[1]Reported in 20 P. (2d) 21.

*Rummens & Griffin* and *Henderson, Carnahan & Thompson*, for appellant.

*William R. Bell* and *John F. Dore,* for respondent.

BLAKE, J.—The plaintiff brought this action to recover on *quantum meruit* for services alleged to have been rendered to the defendant Coast Athletic Club. From a judgment for $2,850 entered on the verdict of a jury, defendant Coast Athletic Club appeals. The defendant Musgrave interposed a plea in bar, upon which an order was entered dismissing him from the action.

The appellant is an Oregon corporation, having its principal place of business in Portland. For some years prior to 1929, and since, its business has been the promotion and holding of wrestling contests in various cities and towns of Oregon, Washington and British Columbia. In the late spring and early summer of 1929, its activities led it into Seattle, where several contests were held at the old Orpheum theater on Third avenue. In the fall of that year, it took over the rights of one Sepp to hold such contests in the Civic auditorium, and from then on held contests. almost every week, except during the summer months. At this time, the defendant Musgrave was sent to Seattle by appellant as manager, promoter and matchmaker.

The respondent alleges that, in November, 1929, he became assistant manager, promoter and matchmaker for appellant, and continued in that capacity until March, 1931. He alleges the reasonable value of his

services to be $3,250, of which he has received only four hundred dollars.

The appellant denies all the material allegations of the complaint, and alleges that it employed respondent only as a doorman and referee on different occasions; and that it has paid him in full for all services rendered.

The case turns on the extent, character and value of the services rendered by respondent, all of which were questions for the jury, and all of which, upon sharply conflicting evidence, the jury resolved in accordance with the contentions of respondent. The appeal presents five assignments of error, which, for discussion, will be grouped under three heads: (1) The giving of, and refusal to give, instructions; (2) the admission of certain evidence; and (3) misconduct of counsel for respondent.

It was the theory of appellant that it had paid respondent for all services as and when rendered, and that the payments made amounted to an accord and satisfaction. It requested the court to charge the jury as follows:

"If you do not find from the evidence that there was an actual agreement of employment made by the defendant, Coast Athletic Club, but that the plaintiff, from time to time, did perform services for said defendant, and that, following the rendition of such services, said defendant paid the plaintiff a sum which to it seemed reasonable therefor, and that the plaintiff accepted said sums as paid *and did not then make a demand for further sums, and thereby led the defendant Coast Athletic Club's agents to believe that his services had thereby been paid, then and in that event you are instructed that the plaintiff has been paid in full.*"

Instead, the court substituted for the italicized words the following:

" . . . *and that the plaintiff accepted said sums as payment in full for all services rendered, then you will return a verdict in favor of the defendant."*

Accord and satisfaction is a mixed question of law and fact. *First Nat. Bank of Ritzville v. White-Dulaney Co.,* 123 Wash. 220, 212 Pac. 262. The essence of an accord and satisfaction of an unliquidated claim is the intent with which payment is made by the debtor, on one hand, and the intent with which it is accepted, on the other. It must be made and accepted with intention of both parties as a full settlement. And this intention is to be gathered from all the circumstances surrounding the parties and the transaction. 1 C. J. 530; *Commercial Bank of Tacoma v. Toklas,* 21 Wash. 36, 56 Pac. 927; *LeDoux v. Seattle North Pacific Shipbuilding Co.,* 114 Wash. 632, 195 Pac. 1006; *Ingram v. Sauset,* 121 Wash. 444, 209 Pac. 699, 34 A. L. R. 1031.

We think the court was correct in refusing the instruction as requested, because it embodied but one circumstance of the transaction, and made respondent's right to recover turn solely upon his demand for further sums at the time payments were made. The instruction given conforms to the rule as stated in the authorities cited.

Appellant next contends that the court erred in overruling its objection to the following question asked of respondent: "What arrangement, if any, did you have with either Musgrave or with the Coast Athletic Club about compensation for your services?" The respondent's answer was that he was to get twenty-five dollars a show, or one hundred dollars per month, if the gross receipts did not exceed one thousand dollars per show. If the gross receipts exceeded one thousand dollars, he was to get "so much more." It being conceded that services were rendered

by respondent—the character, extent and value only being in dispute—the testimony was competent to show how the parties themselves contemplated the value of his services should be measured.

For similar reason, appellant's objection to the admission of exhibit "A" was properly overruled. Exhibit "A" is a compilation showing the gross receipts from the various contests put on by appellant before, after and during the period of respondent's service. The competency of the substance, not the form, of the proof is challenged. Its obvious purpose was to show that, during the period of respondent's service, the gross receipts from contests put on by appellant were greater than before or after, and tended to show the substantial value of respondent's services. The court, in its instructions, so limited the consideration of the exhibit. It was clearly competent and relevant for that purpose, and its weight or value was for the jury to consider under the instruction.

One Tom Alley, who had formerly worked for appellant, was called as a witness for respondent. The witness, having indicated he had had trouble with appellant, was asked: "What was the trouble over?" Before he could answer, objection was made, another question was asked and another objection interposed, when the question was finally put: "What was the cause of your refusing to work for them any longer?" Over objection the witness answered: "The only reason I quit was because I did not get enough money." The inquiry was collateral and not pertinent to the issues, but the answer was certainly not prejudicial.

Respondent, in connection with his testimony as to the amount of time he put in on appellant's business, was asked the following question: "How did it compare in point of time with the time that was put in by Thye and Hamlin and Heilig?" and, over

the objection of appellant, answered: "I put in a lot more time than all three of them." Of course this was a pure conclusion, and technically was inadmissible. But we do not think it was prejudicial, because, if the respondent's testimony was to be believed (and the jury did believe it), the conclusion stated was irresistible.

Again, while respondent was on the stand, he was, over appellant's objections, asked questions which elicited answers tending to show that the Lewis-Sonnenberg match, held on July 7, 1930, was a "frame-up." Appellant contends this testimony was highly prejudicial. It was, but it was, nevertheless, competent, for the affair came before the boxing commission of Seattle for investigation, and respondent was claiming compensation for services rendered in getting the difficulty "ironed out."

Thereafter, on several occasions, counsel for respondent slurringly referred to this match, but in each instance the court sustained objections and directed the jury to disregard the remarks. The same is true of a remark made by counsel for respondent during the examination of witness Stewart. Appellant insists that, by reason of repeated misconduct, in these particulars, on the part of counsel for respondent, a new trial should have been granted. While we have nothing to say by way of commendation of the conduct of counsel in the particulars complained of, we think the trial court acted within its sound discretion in denying the motion for new trial.

The judgment is affirmed.

BEALS, C. J., TOLMAN, STEINERT, and MAIN, JJ., concur.