[No. 24538. Department One. September 11, 1933.]

RAY E. BOTTORFF, *Appellant*, v. A. E. PAGE MACHINERY COMPANY, *Respondent*.[1]

*H. B. Noland*, for appellant.

*Herbert C. Bryson* and *Sharpstein & Smith*, for respondent.

MITCHELL, J.—Ray E. Bottorff performed services for one year, under a written contract, as salesman for A. E. Page Machinery Company, a corporation, a dealer in tractors and other farm machinery and implements, the contract being dated May 1, 1928. He brought this action to recover the reasonable value of his services for making sales, during the time of the contract, of articles alleged to have been sold at the

[1] Reported in 24 P. (2d) 1059.

instance and request of the machinery company, which, as the plaintiff claimed, were not covered by the written contract. The defendant contended that all such items were covered by the contract. Upon appropriate issues, including the defense of accord and satisfaction, a trial was had which resulted in a verdict for the plaintiff, notwithstanding which verdict judgment was entered in favor of the defendant dismissing the action. The plaintiff has appealed.

The sole question in the case, by agreement of the parties, relates to the defense of accord and satisfaction. The facts were stipulated. The arrangement or contract was that the appellant should be paid commissions in full on cash sales, upon delivery and, as to sales on terms, his commissions were to be paid as and when the purchasers made their payments to the machinery company.

Concerning the five several items mentioned in the complaint, the stipulation covering the facts shows as follows: That the plaintiff

".  .  . had frequently demanded payments of the several items embraced in one, two, three, four and five of plaintiff's bill of particulars by reference incorporated in his second amended complaint, and that the defendant at all times refused to recognize any obligation to pay all or any part thereof; plaintiff and defendant both introduced evidence that as to said items there was, and always had been a dispute between plaintiff and defendant, defendant consistently had refused, at all times, to recognize or pay either of said demands; said five items had been in dispute between the parties and were in dispute between the parties at all times, and that they had quarreled about said items, plaintiff demanding payment of same, and defendant refusing to recognize, or pay, the same, or any part thereof."

As the respondent collected money from its customers on the time sales, appellant was given credit

for commissions earned, of which appellant was advised, and in the meantime, and from time to time, the funds thus received or held by the respondent were tied up by several garnishment proceedings instituted by creditors of the appellant. After the garnishment proceedings were finished and settled, and about the first of November, 1930, respondent, enclosing its check for $297.75, wrote to the appellant as follows:

"This company has been enabled to save you out of the muddle some $297.75 for which we are attaching hereto a check. This will settle your account with this company in full.

"It is only thru our getting ahead of two additional garnishments that we were able to save this amount. We trust that you will appreciate our efforts in doing this for you."

Under date of November 17, 1930, the appellant wrote to the respondent asking for a statement showing how the account was closed on the books. Under date of November 19, 1930, the respondent forwarded to him an itemized statement of the account, which made no reference to the items set out in the complaint in this action, and wrote to the appellant as follows:

"We are inclosing herewith final statement of your account which is balanced and also inclosing the garnishments which we had served on us and which we were forced to pay according to law.

"You will note that we saved you some money on the amount of the garnishment of W. E. Bruce and we believe that the rest of the account is in order.

"We have closed our records as to your account and wish to say that this is the final statement which will be rendered."

Appellant promptly received the two letters and check just mentioned. He cashed the check in November, 1930, and thereafter never communicated with the respondent in any way whatsoever until he instituted

this action more than a year later, to wit, December 30, 1931.

Relying on what, in *First National Bank v. White-Dulaney Co.*, 123 Wash. 220, 212 Pac. 262, and *Kubey v. Coast Athletic Club*, 172 Wash. 305, 20 Pac. (2d) 21, is stated to be the rule that "the question whether there has been an accord and satisfaction is generally a mixed question of law and fact," appellant contends that the present case was properly submitted to the jury, and that the court erred in deciding contrary to the verdict as a matter of law.

The rule applied in those cases was right, because the facts were in controversy. But, here, there was no issue in that respect, the facts were stipulated, wherefore the rule as follows:

"Where the facts in respect to an accord and satisfaction have been ascertained or are not in dispute, their effect is purely a question of law and is not to be submitted to a jury." 1 C. J. 583.

Also, the holding of the trial court was right on the merits of the defense. The whole controversy arose out of transactions occurring while appellant was under a contract of employment with the respondent. He claimed pay for extra services, while respondent denied the services were extra, but were within the consideration expressed in the written contract. The amount claimed was uncertain, and that there was any liability at all was denied. The parties not only disputed about the items, but they quarreled about them. Other items of the account were uncertain, depending on collections and also the liabilities and expenses of garnishment proceedings. The whole matter was unliquidated. In these circumstances, which were well known to each of the parties, the respondent sent the check in a letter stating: "This will settle your account with this company in full."

The stipulated facts show that, without the slightest protest, the appellant cashed the check on November 3, and thereafter upon his request, respondent sent an itemized statement of the account dated November 18, enclosed in a letter stating:

"We are inclosing herewith final statement of your account which is balanced . . . We have closed our records as to your account and wish to say that this is the final statement which will be rendered."

It showed no difference in the result than was represented by the check formerly sent with the avowed purpose that it should settle the account in full. Still, no protest from the appellant, nor offer to return the money which he had accepted as tender in full settlement of the account, nor any part of the money.

The facts bring the case well within the rule approved in *First National Bank v. White-Dulaney Co.*, 123 Wash. 220, 212 Pac. 262, quoting from *Le Doux v. Seattle North Pac. Shipbuilding Co.*, 114 Wash. 632, 195 Pac. 1006, as follows:

"The general rule is that, where a debtor sends to his creditor a check for the amount he is willing to pay, and at that time informs the creditor that he intends the check to be considered as full payment, then, by the acceptance and cashing of the check, the creditor agrees to the settlement and cannot thereafter seek additional compensation."

Also, see *Schumacher v. Moffitt*, 71 Ore. 79, 142 Pac. 353, and an annotation to the Washington case of *Ingram v. Sauset*, 121 Wash. 444, 209 Pac. 699, 34 A. L. R. 1031, the annotation commencing on page 1033.

Judgment affirmed.

BEALS, C. J., HOLCOMB, MILLARD, and TOLMAN, JJ., concur.