[No. 26504. Department One. April 29, 1937.]

PAULSEN ESTATE, INC., *Appellant,* v. NACHES-SELAH IRRIGATION DISTRICT *et al., Respondents.*[1]

*Roberts, Swanson & Tunstall,* for appellant.

*Harry L. Olson* and *Robert J. Willis,* for respondents.

MAIN, J.—This action was brought to recover interest on certain irrigation district bonds, which accrued at the legal rate after the principal of the bonds became due and payable. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was not entitled to recover. From the judgment entered dismissing the action, the plaintiff appeals.

The facts which will present the question here for determination may be summarized as follows: The Naches-Selah irrigation district had issued bonds in a considerable amount, and the plaintiff was owner of a part of these bonds. C. D. Stephens was the reg-

[1]Reported in 67 P. (2d) 856.

ularly elected and acting treasurer of Yakima county, and was ex-officio treasurer of the irrigation district.

A part of the bonds owned by the appellant and its predecessor in interest became due and payable April 1, 1933, and a part July 1, 1933. Each bond, by its terms, provided for the payment of its principal at the maturity date, together with interest thereon payable semi-annually, as evidenced by the coupons attached to the bonds. The bonds were not paid when they became due, but were paid by check, dated March 20, 1934, in the sum of $11,180. This included the principal and the interest evidenced by the coupons, but did not cover the interest which had accrued subsequent to the due date of the bonds and prior to the payment. Before this payment was made, a dispute had arisen between the appellant or its predecessor and the respondent relative to the interest that had accrued after the bonds had become due, the appellant taking the position that the interest was an obligation of the district and should be paid, and the respondent taking the position that it was not liable for the payment of such interest.

When the bonds were forwarded to the treasurer of Yakima county from Spokane, where they were held by the appellant and its predecessor, in the letter accompanying them there was this statement:

"Kindly forward remittance to us in payment of the above bonds and coupons, plus interest on the past due bonds."

When the check was sent, it was accompanied by a letter from the treasurer, which contained this statement:

"As there has been no provisions made in the levy to take care of the interest on defaulted bonds, the prosecuting attorney has ruled that no cash be paid."

After receipt of this letter, the appellant wrote the treasurer a letter which contained this statement:

"No payment was received for the interest on these past-due bonds from their maturity to date of payment. Claim accordingly is made on behalf of the owners for payment of the interest on the bonds from their maturity to the date they were paid for by you."

The interest not having been paid, as claimed by the appellant, sometime subsequently the present action was instituted, and resulted as above stated.

The one question here for determination is whether the acceptance and the cashing of the check by the appellant operated as an accord and satisfaction. To create an accord and satisfaction in law, there must be a meeting of the minds of the parties upon the subject and an intention on the part of both to make such an agreement. *Ingram v. Sauset*, 121 Wash. 444, 209 Pac. 699, 34 A. L. R. 1031; *Graham v. New York Life Ins. Co.*, 182 Wash. 612, 47 P. (2d) 1029.

Where the amount of the debt or obligation is unliquidated or in dispute, payment by the debtor of an amount less than that claimed by the creditor, and the receipt by the latter of such amount under such circumstances as that he is bound to know that the intention was to make the payment in full of all demands, will discharge the whole claim, and the creditor may not thereafter collect any additional sums. *Plymouth Rubber Co. v. West Coast Rubber Co.*, 131 Wash. 662, 231 Pac. 25; *Graham v. New York Life Ins. Co.*, 182 Wash. 612, 47 P. (2d) 1029.

From the excerpts from the correspondence between the parties, above set out, read in the light of the fact that, prior to the payment, there had been a dispute between them as to the amount, it would seem that the appellant was bound to know that the intention of the respondent was to make payment in

full of all demands. Prior to the payment, there was a dispute as to the amount, the respondent claiming that it should only pay interest as evidenced by the bonds and the coupons, and the appellant contending that it was entitled to interest at the legal rate upon the principal of the bonds from their due date until paid. When there is a dispute between the debtor and the creditor as to the amount due, one claiming that a certain sum is due and the other claiming that another sum is the proper amount, the demand is unliquidated, within the meaning of that term as applied to accord and satisfaction.

In *First Nat. Bank of Ritzville v. White-Dulaney Co.*, 123 Wash. 220, 212 Pac. 262, in passing on this question, the court quoted, with approval, from 1 R. C. L. 198, as follows:

". . . and when it is admitted that one of two different sums is due, but there is a genuine dispute as to which is the proper amount, the demand is unliquidated within the meaning of that term as applied to accord and satisfaction."

The holding in the case of *Heiland v. Grunbaum*, 171 Wash. 148, 17 P. (2d) 864, is to the same effect.

The claim being unliquidated, because one party was claiming that one sum was due and the other a different sum, it follows that the appellant, by accepting and cashing the check, evidenced an intention to acquiesce in the contention of the respondent as to the amount due. The general rule is that, where a debtor sends to his creditor a check for the amount of an unliquidated demand he is willing to pay, and at that time informs the creditor that he intends the check to be considered as full payment, then, by accepting and cashing the check, the creditor agrees to the settlement, and cannot thereafter seek additional compensation. *LeDoux v. Seattle North Pac. Ship-*

*building Co.,* 114 Wash. 632, 195 Pac. 1006; *James v. Riverside Lumber Co.,* 121 Wash. 130, 208 Pac. 260; *Bottorff v. Page Machinery Co.,* 174 Wash. 438, 24 P. (2d) 1059.

It follows, therefore, from the facts in this case and the rules of law above stated, which are applicable thereto, that the payment made by the check operated as an accord and satisfaction, and prevented the recovery of any additional sum.

The appellant places special reliance upon the case of *Seattle, Renton & Southern R. Co. v. Seattle-Tacoma Power Co.,* 63 Wash. 639, 116 Pac. 289, but that case is different. There, as pointed out in the opinion, the payments that had been made from month to month upon the contract were neither made nor received as a liquidation or settlement of the dispute between the parties. In the opinion, it is said:

"It was not intended nor received as a liquidation or settlement of the dispute. . . ."

Here, the check was sent as payment in liquidation or settlement of the amount, and, as already pointed out, the appellant, by accepting and cashing it, indicated its intention to consider the check as payment in full.

The judgment will be affirmed.

STEINERT, C. J., ROBINSON, BLAKE, and GERAGHTY, JJ., concur.