[No. 25497.  Department One.  April 1, 1935.]

COBB HEALY INVESTMENT COMPANY, *Respondent*, v.
HARRY TALL *et al., Appellants.*[1]

*Geo. H. Crandell,* for appellants.
*Koenigsberg & Sanford,* for respondent.

MAIN, J. — This action was brought to recover the
balance due for rent.  The cause was tried to the court
without a jury, and resulted in findings of fact from
which it was concluded that the plaintiff was entitled
to recover.  Judgment was entered against the defend-

[1]Reported in 42 P. (2d) 1107.

ants in the sum of twelve hundred dollars, from which they appeal.

The facts which will present the questions to be determined may be stated as follows: Cobb Healy Investment Company, the respondent, is a corporation, and owns a building in the city of Seattle known as the Healy building. Henry Broderick, Inc., is a corporation engaged in the real estate and rental business, with its principal place of business in Seattle, and Phillip Miller is the manager of the rental department. The appellants, Harry Tall and Della G. Tall, are husband and wife, and further reference will be made to Mr. Tall as though he were the only party appellant.

January 7, 1929, the respondent, through the office of Henry Broderick, Inc., leased to the appellant a storeroom in the building mentioned for a period of three years, commencing February 1, 1929, and terminating January 31, 1932, at the rental of three hundred dollars per month. The appellant occupied the building and paid the rent specified until sometime in January, 1931, when he had a conference with Miller, the rental agent of Henry Broderick, Inc., with reference to the reducing of the rent, and the matter was submitted to the general manager of the respondent. The testimony as to what took place at this conference and the result thereof is directly in dispute.

On or about July 1, 1929, the appellant caused Tall's Travel Shops, Inc., to be incorporated and transferred the business which he was operating to the corporation. Subsequently, the checks for the rent were signed by the corporation by the appellant as president. After the conference in January, 1931, the checks were drawn for two hundred dollars instead of three hundred dollars. The appellant occupied the storeroom for the full period of the lease and one month thereafter.

The checks for the rent were all drawn to Henry Broderick, Inc., and that corporation's stamped endorsement appears on the back thereof. The checks recited on the back rent for the specified month, and there was a printed statement thereon to the effect that, by the endorsement of the check, it should be accepted in full. Under that statement were the headings, Date, Invoice, Freight, Discount, Net Amt. Miller testified that he at no time saw the recitals on the back of the checks. The stamp of Henry Broderick, Inc., was affixed by the cashier of that corporation.

As above stated, the present action was brought to recover the balance of the rent due as specified in the lease. There is no controversy over the amount if the respondent is entitled to recover.

Upon the question of whether there was an agreement in January, 1931, that the rent should be reduced for the balance of the term from three hundred dollars per month to two hundred dollars, as above stated, the evidence is in direct dispute. Miller testified that, after submitting the matter to the manager of the respondent, he informed the appellant that they would accept two hundred dollars a month for a period of three months on account, and that, after that, the arrears should be paid. This is directly disputed by the appellant, and he says that the agreement was that the rent should be two hundred dollars per month for the balance of the term. There are some circumstances that tend to corroborate each one of these parties. Upon this evidence, the trial court found:

"(8) That during the month of January, 1931, defendant Harry Tall did ask the rental agent, Henry Broderick, Inc., for a reduction in rental for the balance of the lease period; that at said time the said rental agent through its rental manager, Phillip Miller, did inform the said Harry Tall it had no authority to reduce the rental for the balance of the said lease

period, and that sanction would first have to be obtained from the plaintiff; that the plaintiff refused to give authority to the said agent to reduce the rent for the lease period, and the said Phillip Miller did so inform the said Harry Tall.

"(9) That thereafter said agent did inform said Harry Tall that two hundred dollars per month could be paid on account for the next ensuing three months, including January, 1931, and that the delinquency accruing during said months could be paid at the end of the specified period."

If there was a modification of the lease, the burden was on the appellant to establish it. 35 C. J. 1171. As we view the evidence, the appellant not only failed to establish his contention by the preponderance of the evidence, but the decided weight thereof is the other way. The finding of the trial court will be sustained.

We do not here pass upon the law question that would arise as to the validity of the modification had the appellant sustained his contention in that regard.

The next question is whether, by accepting the checks with the recital on the back thereof of the month for which the rent sent was specified, the respondent can now be permitted to say that the rent was not reduced. These checks, as already stated, passed through the office of Henry Broderick, Inc., which corporation was the rental agent, and it does not appear that the respondent at any time saw them. The agreement which the trial court found, and which we sustain, provided, in effect, that the sum of two hundred dollars should be paid on account, and not in full, for rent for the period of three months when the delinquency should be made up. The rule is that, where there is an agreement that a certain sum should be paid on account, and not in full settlement, the sending of a check which shows that it is in full settlement

304

does not, as a matter of law, accomplish an accord and satisfaction. *LeDoux v. Seattle North Pacific Shipbuilding Co.*, 114 Wash. 632, 195 Pac. 1006; *Ingram v. Sauset*, 121 Wash. 444, 209 Pac. 699, 34 A. L. R. 1031. Henry Broderick, Inc.'s stamped endorsement on the checks and the cashing of the same did not operate as an accord and satisfaction.

█ The next question is whether the respondent can now recover against the appellant as executor of the lease after having accepted the checks of the corporation to which the business was turned over. In the lease, there is an express covenant that the lessee, the appellant, agrees to pay the rent specified therein at the time and in the manner stated. There being an express covenant to pay the rent, the appellant was not absolved from his original obligation under the lease to pay the rent, even though the business had been turned over to the corporation and the checks drawn by it. *Medgard v. Shimogaki*, 135 Wash. 527, 238 Pac. 574; *Huston v. Graham*, 169 Wash. 521, 14 P. (2d) 44; *Johnson v. Goddard*, 179 Wash. 493, 38 P. (2d) 208.

The case of *American Iron & Wire Works v. Fischer*, 109 Wash. 279, 186 Pac. 877, has no application to the situation now before us. That case was based upon a manufacturing contract, and not upon a lease of real estate which contained an express covenant to pay rent.

█ There is the further contention that the trial court erred in overruling the motion for new trial, but there was no error in this regard. The testimony which the affidavit in support of the motion recited could be produced was not only cumulative, but had it been received it would not have affected the result.

The judgment will be affirmed.

MILLARD, C. J., TOLMAN, GERAGHTY, and BEALS, JJ., concur.