[No. 35696.   Department One.   August 24, 1961.]

MARVIN KENNARD, *Respondent*, v. LEO J. KAELIN, *Appellant.**

*James V. Ramsdell* (of *Eisenhower, Hunter & Ramsdell*), for appellant.

*E. R. Cluck, Hall, Cole & Lawrence,* and *Benjamin P. Shuey,* for respondent.

*Reported in 364 P. (2d) 446.

ROSELLINI, J.—Liability was admitted in this personal injury action; and the only question which was tried to the jury was the amount of damages. A verdict in the sum of twenty-three thousand dollars was returned. A motion for a new trial was denied, and this appeal followed the entry of judgment on the verdict.

The appellant does not claim that the verdict was excessive or that there was no competent evidence to support it. He contends, however, that the court erred in admitting certain evidence and in instructing the jury with reference thereto.

This evidence concerned the respondent's pallet board manufacturing business and the effect which the disabilities he suffered as a result of his injuries had upon his earning capacity in that business. The court admitted evidence that the respondent's services to his business were curtailed and that the cost of labor was increased after his accident. The jury was instructed that, in considering the monetary loss suffered by the respondent if any, as a result of the impairment of his earning capacity, it should take as a standard of measurement the value of his services to his own business and that, in computing such value, it should take into consideration the following factors: (1) the increased costs of doing business which the evidence showed were related to the respondent's injuries; (2) the cost of additional help in conducting the respondent's business, necessitated by his injuries, as established by the evidence; and (3) the market value or amount commonly paid for the services which respondent had been, and would be, prevented from rendering to his business, as established by the evidence.

The jury was further instructed, in effect, that the three factors were not offered as distinct elements of damage, but as a guide to measure the impairment of the respondent's earning capacity.

■ ■ It is argued that the jury was thus allowed to consider loss of profits as an element of the respondent's damage, and that lost profits are not recoverable. This argument is not well founded. The evidence did not dis-

close a change in profits, and the jury was not instructed to consider loss of profits as an element of damage. The evidence and the instructions merely dealt with the impairment of the respondent's earning capacity. Since one of his sources of income was the business that he owned, and to which he had contributed his personal services, the value of those services was a proper factor to consider in determining the extent of the impairment of his earning capacity.

It is true that, unless the investment in a business is insignificant and merely incidental to the performance of the owner's personal services, profits may not be taken as a measure of loss or considered as an element of damages in personal injury cases, the reason being that profits which are attributable to capital investment and the services of others do not correctly reflect the owner's personal earning power. *Singer v. Martin*, 96 Wash. 231, 164 Pac. 1105. But this does not mean that the increased costs of labor and of doing business which are incurred as a result of the loss of the owner's services, are not factors which the jury may consider in determining the extent to which his earning power has been impaired. As we said in that case, the character and extent of the business, as well as the income therefrom, are all proper matters to submit to the jury for its consideration in determining what effect the owner's injuries have had upon his earning power. We find no error in admitting the evidence or in the court's instructions regarding the significance which the jury should attach to it.

■ The appellant assigns as error the admission of certain portions of the deposition of a doctor who testified in behalf of the respondent. The testimony which the appellant finds objectionable pertained to X rays which, the doctor said, showed a possible fracture of the cervical spine. This testimony, the appellant points out, was insufficient to justify a finding that a fracture had occurred. The objection goes to the weight and not the admissibility.

The complaint did not allege a spinal fracture; the respondent's right to recover did not depend upon proof of

such a fracture; and no serious attempt was made to offer such proof. The appellant does not deny that there was ample evidence to establish the nature and the extent of the injuries for which the jury awarded the respondent compensation, nor the fact that they were caused by the accident.

■ It is finally suggested that the trial court abused its discretion in refusing to grant a new trial on the ground of newly discovered evidence which would have tended to contradict medical testimony that the X rays disclosed arthritic spurring. As the trial court pointed out in denying the motion, a medical witness for the appellant had vigorously contested that interpretation of the X ray, and the evidence discovered after the trial would only have been cumulative. The denial of a motion for a new trial is not error where the testimony proposed to be introduced is merely cumulative and could not affect the result. *Cobb Healy Inv. Co. v. Tall*, 181 Wash. 300, 42 P. (2d) 1107.

The judgment is affirmed.

FINLEY, C. J., MALLERY, WEAVER, and FOSTER, JJ., concur.