[No. 17208.    Department Two.    August 15, 1922.]

HARRY H. JAMES, *Respondent*, v. RIVERSIDE LUMBER
COMPANY *et al., Appellants*.[1]

ACCORD AND SATISFACTION (2, 3)—FORM OF AGREEMENT—PART PAY-
MENT. The acceptance and cashing of a check to an architect,
reciting that it was "in full of account" (which had been rendered
claiming a balance due in a larger sum) operates as an accord and
satisfaction of a claim for services, where there was but one con-
tract of employment, and various disputed claims for extras and
on the contract were so interwoven as to constitute an unliquidated
demand.

Appeal from a judgment of the superior court for
King county, Ralston, J., entered December 14, 1921,
upon findings in favor of the plaintiff, in an action on
contract, after trial on the merits to the court. Re-
versed.

*Kerr, McCord & Ivey*, for appellants.

*H. E. Foster*, for respondent.

HOVEY, J.—Respondent recovered judgment against
appellant corporation upon a balance of account for
services rendered as an architect, in the sum of $225.
The answer denied the indebtedness and plead affirma-
tively an accord and satisfaction. Respondent testi-
fied to having made a contract with appellant Nettle-
ton on behalf of appellant corporation for the prepara-
tion of plans for a power plant building, for which he
was to receive four per cent of the cost of construc-
tion, this compensation to include his services as
superintendent. The first set of plans contemplated
a building to cost nine thousand dollars. Appellant
Nettleton was absent for a time, and the business of
appellant corporation was in charge of another indi-

[1]Reported in 208 Pac. 260.

vidual, who was not satisfied with the first plan and had new plans prepared under which the building was finally constructed at a total cost of about five thousand five hundred dollars so far as completed, there remaining some work to be done which under the evidence would not increase the total cost beyond six thousand dollars. The first set of plans provided for a concrete mat or foundation, two feet thick under the whole building, which actually cost fourteen hundred and fifty dollars, but the expense of this was in addition to the nine thousand dollar price covered by the first plans. This feature of the plans was exactly the same in the second set of plans, and was the one placed in the building.

On January 4, 1920, respondent mailed to appellants the following statement of account:

```
Plans and specifications, Plan No. 1
  Estimated cost, exclusive of mat under boilers...$9,000
                                              .02½   $225.00
                                                    _____

Plans and specifications, Plan No. 2
  Contractors price..............................$8,245
  10,000 ft. of lumber required...................   200
                                                  _____
                                                  $8,445
                                                    .04%    337.80
                                                          _____
Concrete mat under boilers, cost complete.........$1,450
                                                    .04%     58.00
                                                          _____
                                                          $620.80
                                                          _____
Received on account to date............................   $150.00
                                                          _____
    Bal. due...........................................   $470.80
```

Appellants thereafter mailed to respondent the following letter, and enclosed therewith the check of appellant corporation in the sum of $245.80, with the words "In full of a/c" upon its face.

"Mr. Henry H. James,        Seattle, January 10, 1921.
915 American Bank Bldg.,
Seattle.

"Dear Sir: Referring to your statement of January 4th.

"It is our understanding that the duties of an architect include the getting up of plans which are satisfactory to their customer. It is necessary often times to submit several different plans, the one most suitable being carried out, and this being the one upon which any compensation would be based. We are therefore eliminating from your statement the item of $225.00 for plan No. 1, which was never executed.

"We are also advised by our Mr. Ketchum that the amount of supervision which you gave this business was practically nil.

"It is also the writer's opinion that you put us to very needless and unnecessary expense in the amount of reinforcement which you put into the mat under the boilers. It is obvious that the strength of this mat is far greater than the requirements of the case, and as a consequence we have been put to unnecessary expense. In spite of this fact, we are paying you full fees for the cost of the mat and the amount of the contract in order to get the matter cleared up, but decline to consider the first item of this charge. Very truly,
                        "Nettleton Lumber Company,
"WBN/B                              Nettleton."

Respondent cashed this check on January 13, and wrote appellants a letter, dated January 15, but received by them on January 22, in which he states that he has credited the amount of the check upon the account but still claims the balance due $225.

The question of what is an accord and satisfaction is not always easily answered. In the recent case of *LeDoux v. Seattle North Pacific Shipbuilding Co.*, 114 Wash. 632, 195 Pac. 1006, the general rule is stated to be that,

"Where a debtor sends to his creditor a check for the amount he is willing to pay, and at that time informs the creditor that he intends the check to be considered as full payment, then, by the acceptance and cashing of the check, the creditor agrees to the settlement and cannot thereafter seek additional compensation."

In the present case, there was but one contract and the only object sought to be obtained was the construction of the building which was in fact built. While respondent may have been entitled to maintain an action upon *quantum meruit* for extra services rendered, the various claims were so interwoven as to constitute an unliquidated demand and when coupled with the contentions made by appellants, and which they introduced testimony to support, show that none of this claim was in fact liquidated; and when respondent accepted the check with the conditions under which it was tendered, he must be deemed to be bound by those conditions. It is well settled that, where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed when tendered in satisfaction operates as an accord and satisfaction. 1 C. J. 551.

In our opinion, the affirmative defense is sustained by the evidence, and the judgment will be reversed with directions to dismiss the action.

MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.