[No. 24564. Department One. April 3, 1934.]

SEATTLE INVESTORS SYNDICATE, *Respondent*, v. WEST DEPENDABLE STORES OF WASHINGTON, *Appellant*.[1]

*Rigg, Brown & Halverson,* for appellant.

*Peyser & Bailey,* for respondent.

MAIN, J.—This action was brought to recover rent for a store building. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that one of the defendants was liable. Judgment of nonsuit was entered as to the West Dependable Stores of Oregon and Dan A. West individually. As to the West Dependable Stores of Washington, judgment was entered against it in the sum of $490, from which it appeals.

The facts are these: The respondent, Seattle Investors Syndicate, and the appellant, West Dependable Stores of Washington, are both corporations organized under the laws of this state. The Red Robin

[1]Reported in 30 P. (2d) 956.

Stores, Inc., was also a corporation organized under the laws of this state, and operated a number of grocery stores. October 28, 1929, it entered into a lease with the respondent for a storeroom in the town of Stanwood. This lease was to cover a period of five years, and the rent provided for was ninety dollars per month. Thereafter, the Red Robin Stores operated one of its grocery stores in the storeroom, and paid the rent specified in the lease.

In September, 1930, the appellant corporation was organized for the purpose of taking over the stock and assets of the Red Robin Stores, which was done. The payment to the stockholders of the Red Robin Stores was made by issuing to them stock in the new corporation, or the appellant. Thereafter, the appellant operated the Stanwood store and the others that it had taken over, and paid the rent for the Stanwood store in the sum specified in the lease until January 1, 1931, at which time it ceased to pay the rent. Thereupon, correspondence took place between the respondent and the appellant, which culminated in a conference held on March 27, 1931, at which each of the corporations was represented. As a result of this conference, the rent was reduced to seventy dollars per month, and was made retroactive as of January 1, 1931.

The rental of seventy dollars per month was paid by the appellant until the 30th day of May, 1932. May 9th of that month, it enclosed a check for $140, representing the rental on the premises for the months of April and May, 1932, and notified the respondent of its intention to terminate the tenancy at Stanwood June 1, 1932. The check for the $140 was cashed by the respondent after X-ing out on the voucher, on

the back thereof, the recital that it was payment in full for all rent due "until end of tenancy."

The Red Robin lease was not formally assigned or transferred in writing to the appellant. The respondent was unable to lease the storeroom to another tenant, and brought this action for the rent which had accrued subsequent to June 1, 1932, and up to the time of the trial, and recovery was sustained in the amount above mentioned.

■ The first question is whether the appellant, West Dependable Stores of Washington, is liable on the lease made by the respondent with the Red Robin Stores. As appears, the appellant purchased the capital stock and assets of the Red Robin Stores, operated the business thereafter, and paid the stockholders of the Red Robin Stores in stock of the new corporation. The Red Robin Stores, while its corporate existence was not destroyed, was nothing more than a shell. Under such circumstances, the appellant became obligated to pay the rent as provided for in the lease. In *Okmulgee Window Glass Co. v. Frink*, 260 Fed. 159, it is said:

"Where the new corporation is in its essence but a continuation of the activities and interests of the old company, which retains simply its franchise as a corporation, thus becoming practically extinct as an active entity, direct recovery is allowable. [Citing authorities.]"

The cases of *Kelly Co. v. Pollock & Bernheimer*, 57 Fla. 459, 49 So. 934, 131 Am. St. 1101, and *Otis v. Ohio Mines Co.*, 15 Ariz. 264, 138 Pac. 777, as well as others that might be cited, are to the same effect.

When the appellant took over the stock and assets of the Red Robin Stores, it was charged with knowledge of the obligations of that corporation. *Gernell v. Detroit Gas Co.*, 112 Mich. 70, 70 N. W. 413.

In *Jones v. Francis,* 70 Wash. 676, 127 Pac. 307, it was held that, where an old corporation had been dissolved by the secretary of state for non-payment of its license fees, without notice to its trustees, who, when they learned of the fact, organized a new corporation and conveyed to it all the assets without other consideration than the issue of its capital stock to the old stockholders, thereby absorbing the old company, the new corporation was liable upon all the obligations of the old corporation. There is no substantial distinction between that case and the one now before us. The appellant was liable for the rent provided for in the lease, as modified by the agreement of the parties, in that the rent was to be seventy dollars per month instead of ninety dollars.

The next question is whether there was an accord and satisfaction by reason of the fact that the respondent accepted and cashed the check for $140, above mentioned. This check was in payment of two months' rent, which at the time was due and payable. There was no additional consideration which would operate to release the appellant from the future payments of the monthly rental as it became due. An accord and satisfaction is founded upon contract, and a consideration therefor is as necessary as for any other contract. Where the debtor pays what he is in law bound to pay and admits he owes, there is no consideration. *Seattle, Renton & Southern Ry. Co. v. Seattle-Tacoma Power Co.,* 63 Wash. 639, 116 Pac. 289; *First National Bank v. White-Dulaney Co.,* 123 Wash. 220, 212 Pac. 262; *Plymouth Rubber Co. v. West Coast Rubber Co.,* 131 Wash. 662, 231 Pac. 25. The cases of *Brown v. Kern,* 21 Wash. 211, 57 Pac. 798, and *Williams v. Blumenthal,* 27 Wash. 24, 67 Pac. 393, are not in point, because in each of those cases there was a considera-

tion. The appellant did not relieve itself from future liability upon the lease by payment of the $140 for the months of May and June, 1932.

Finally, it is contended that, by an oral agreement of the parties at the conference held March 27, 1931, the written agreement was abrogated and an oral agreement for a tenancy of one year was entered into. Without deciding whether such an agreement, if made, would, in law, have been binding and abrogated the written lease, it may be said that the evidence, while in conflict, does not support the appellant's contention. The trial court was of the view that no such oral agreement as is claimed was, in fact, entered into between the parties. After reading and considering all the testimony bearing upon this question, we are decidedly of the opinion that the trial court's view was correct.

The judgment will be affirmed.

BEALS, C. J., MILLARD, STEINERT, and MITCHELL, JJ., concur.