[No. 31096.   Department Two.   May 1, 1950.]

MORRIS PLOTKIN, *Appellant*, v. ALBERT E. GREEN *et al.*,
*Respondents.*[1]

*William N. Goodwin, Bannon, Soule & Krilich,* and *John
B. Krilich,* for appellant.

*Copeland & Tollefson,* for respondents.

MALLERY, J.—The plaintiff, through his architect, hired
the defendant to install an air-conditioning system in his
place of business in Tacoma.   The price of the job was to
be the cost of the labor and materials used.

[1] Reported in 217 P. (2d) 610.

After performing $402.25 worth of work, for which he was paid, the defendant, due to labor troubles, subcontracted the job to another firm which completed the job. The air-conditioning system proved to be unsatisfactory, and subsequent alterations failed to correct the defects. The plaintiff had to remove all of the defendant's installation and put in a completely new system. On this account, the plaintiff brought this action on an express warranty, his theory being that he had not gotten what he had bargained and paid for.

The defendant interposed an affirmative defense of accord and satisfaction. This imposed upon him the burden of showing that the parties had arrived at a new contract, different from the original one, which compromised the question of the warranty raised in the plaintiff's pleadings. *Bellingham Securities Syndicate v. Bellingham Coal Mines,* 13 Wn. (2d) 370, 125 P. (2d) 668. His proof is silent as to any agreement touching the adequacy of the air-conditioning system, or any adjustment of price predicated upon a dispute over its sufficiency to properly accomplish its purpose.

Defendant's proof is limited to the question of the price charged and whether or not it was paid in full. Even on this point, the evidence does not sustain his contention that he was not paid in full.

It appears that, after defendant had subcontracted the work, and had received the $402.25, he submitted to the plaintiff an invoice in the amount of $1,545 on July 17, 1946. No payment was made on this invoice for reasons that are far from clear or satisfactory. In any event, on September 6, 1946, defendant sent a statement to the plaintiff showing a total cost of $1,900.35, allowing $740.65 credits, and leaving a balance of $1,159.70 as owing. On the same day the plaintiff paid this amount by a check marked "Acct in Full," and received a receipt marked "In full to date."

It is quite clear from the record that the defendant was surprised when the plaintiff produced the September 6th statement near the close of the trial. We are satisfied that this "surprise" shattered defendant's defense of accord

and satisfaction. There having been no dispute as to the payment by plaintiff of $740.65, earlier in the transaction, we think the payment of $1,159.70, the balance remaining on the September 6th statement of a total of $1,900.35, is evidence that clearly preponderates to the effect that plaintiff paid the full amount under the original contract.

■ Since an accord and satisfaction is a new contract and requires its own consideration, the defendant failed in his proof. *Plymouth Rubber Co. v. West Coast Rubber Co.,* 131 Wash. 662, 231 Pac. 25; *Seattle Investors Syndicate v. West Dependable Stores of Washington,* 177 Wash. 125, 30 P. (2d) 956; *Graham v. New York Life Ins. Co.,* 182 Wash. 612, 47 P. (2d) 1029; *Bellingham Securities Syndicate v. Bellingham Coal Mines, supra.*

However, the trial court found there was an accord and satisfaction and dismissed the action. The plaintiff thereupon appealed.

■ Naturally enough, the trial court, in view of the disposition made of the case, made no findings upon the issue of the express warranty. Accordingly, the case is remanded to the trial court, with direction to make such findings. It may exercise its discretion as to the admission of further evidence.

The judgment is reversed and remanded.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ. concur.