[No. 32609. Department One. January 28, 1954.]

BOYD-CONLEE COMPANY, *Respondent*, v. H. B. GILLINGHAM et al., *Appellants*.[1]

[1]Reported in 266 P. (2d) 339.

*A. O. Colburn,* for appellants.

*Julian C. Rice, Donald N. Morrison,* and *Gordon E. Lake,* for respondent.

WEAVER, J.—This is an action for the alleged balance due on an open account. Defendants pleaded that the obligation had been discharged by an accord and satisfaction of the debt.

Between December, 1948, and August, 1949, plaintiff, a feed and grain company, sold and shipped to defendants a large quantity of stock feed at bulk price. Since defendants were not equipped to handle it in bulk, the feed was shipped to them in sacks and they were charged twenty cents for each sack.

By oral agreement between the parties, defendants were entitled to a credit for sacks returned by them. Some of the sacks returned had been cut open; some were returned "soggy, wet, and mildewy"; some were damaged; some were unusable and were sold as rags by plaintiff. This condition was called to the attention of defendants and their agents.

The amount of credit given by plaintiff for the returned sacks varied with their condition. If a sack was in good condition, a credit of sixteen cents was given, four cents differential being charged for use and cleaning. For a returned sack which could be patched, cleaned, and re-used, defendants were credited with twelve cents. If a sack could only be disposed of as a rag, defendants were allowed one or two cents per sack.

Defendants were billed for the balance due. They con-

troverted the amount. In August, 1949, Mr. Gillingham (defendant-husband) and plaintiff's president met in the company office to discuss the account. Mr. Gillingham claimed that they had not been credited with all of the sacks returned and that they should have been credited with sixteen cents for each sack, regardless of its condition. The discussion was a heated one. No agreement was reached. Plaintiff's president testified:

"I replied to him that he would cool off and didn't say any more about it, and he left mad."

Shortly thereafter, plaintiff received a check dated August 22, 1949, for $5,893.63, signed by Mrs. H. B. Gillingham (defendant-wife). The check was less than the amount for which defendants had been billed. It was credited to their account and collected.

Defendants testified that, when they mailed the check to plaintiff, a statement was enclosed itemizing certain credits against the account balance. A carbon copy of the statement is in evidence. The credits set forth are of three kinds: (1) for sacks returned at sixteen cents per sack; (2) $39.50 for fourteen sacks of grain lost (which we will discuss later); and $291.23 for the sale of 10,050 pounds of wheat to plaintiff, for which defendants were subsequently given credit. The following is the last item appearing thereon:

"Your statement   7576.46
Balance to you   5893.63"

The trial court found that at no time had plaintiff agreed to take any sum less than the full amount for which defendants had been billed; that there had not been an accord between the parties.

Defendants appeal from a judgment against them in the sum of $603.29, plus interest and costs.

If an accord was reached by the parties, it had to spring from the written statement of credits or the check. Certainly no accord was established by the conference in August, 1949. It ended on a note of disagreement.

Respondent's officers and employees denied ever having received the statement. Although no formal finding was

made, the trial judge said in his oral decision that he was unwilling to make a finding that the evidence showed the statement had been mailed by appellants. However, in view of our conclusion, it is immaterial whether the statement was mailed or not.

Neither the check nor statement bear any qualifying terms which would put respondent on notice that the check was tendered in full payment of the disputed amount.

■ An accord is an agreement for the settlement of a claim by some performance other than that which is due, and is governed by the principles of contract. · *Graham v. New York Life Ins. Co.*, 182 Wash. 612, 47 P. (2d) 1029 (1935), and cases cited. To create it, there must be a meeting of the minds upon the subject and an intention by both parties to make such an agreement. *Meyer v. Strom*, 37 Wn. (2d) 818, 226 P. (2d) 218 (1951).

■ The mere receipt by respondent of an amount less than is claimed, with the knowledge that appellants admit an indebtedness only to the extent of the payment made, does not of itself establish an accord and satisfaction. When a remittance is made, which is less than the amount in dispute, it must be made plain to the creditor that the remittance is tendered as full payment of the disputed amount. If it is so accepted, then there is an accord, and the remittance discharges the entire obligation. *Three Rivers Growers' Ass'n v. Pacific Fruit & Produce Co.*, 159 Wash. 572, 294 Pac. 233 (1930); Restatement, Contracts, § 420, Comment (a) Illustration 5.

■ The facts of the instant case do not meet this test. As was said in *Ingram v. Sauset*, 121 Wash. 444, 447, 209 Pac. 699, 34 A. L. R. 1031 (1922):

"The fallacy of appellants' position lies in this: first, whatever Sauset's intention, the check was not offered in full satisfaction of the demand, though respondent thought that Sauset intended or hoped it would be so accepted; no conditions accompanied it and there was nothing to indicate that it might not, in the event that the payee declined to accept it as full payment, be applied on account and further negotiations be had as to the remainder of the claim. Second,

there is nothing in the record to indicate that respondent accepted the check as full payment."

Appellants' obligation was not discharged by an accord and satisfaction.

Respondent's president testified that appellants advised him that one shipment of feed was short thirteen sacks. He told appellants that credit for the shortage would be given when they paid the bill. In oral argument, counsel conceded that the omission of this adjustment was an oversight. The judgment is, therefore, reduced by $39.50 and affirmed as modified.

Respondent will recover costs.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.

February 25, 1954. Petition for rehearing denied.