[No. 36881. Department One. February 13, 1964.]

FRED DODD, *Respondent,* v. MORRIS POLACK *et al., Appellants.**

*Reported in 389 P. (2d) 289.

██ ██

*Koenigsberg, Brown & Sinsheimer,* for appellants.

*Roberts, Shefelman, Lawrence, Gay & Moch,* for respondent.

HILL, J.—This is essentially another factual appeal. Concededly, Fred Dodd, the plaintiff, delivered to the defendants (d/b/a Acme Poultry Company) between May 11 and May 30, 1961, 182,668 pounds of fryers for which he was paid at the rate of 17 cents a pound. It is his contention that he was to receive 18 cents a pound, and this action was brought to recover the additional one cent a pound, *i.e.,* $1,826.68. He secured a judgment in that amount from which the defendants appeal.

 While the major portion of the appellants' briefs deals with the unlikelihood that there was ever any promise to pay the respondent 18 cents a pound for the chickens delivered between May 11, 1961 and May 30, 1961, as corroborating their categorical denial of such a promise, this court will not go behind the finding of the trial court, based on the respondent's positive testimony, that such a promise was made. It would seem unnecessary to reiterate our statements concerning the trial court being the judge of the credibility of the witnesses; and that this court will not review issues of fact where the findings are sustained by substantial evidence. From *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 343 P. (2d) 183, to *Dominy v. Cecil* (1964), *ante* p. 760, 388 P. (2d) 917[1], we have repeated our adherence to that rule more than 63 times.

Two questions of law are argued: One, that if there was a contract to pay 18 cents a pound for the chickens, it was

---

[1]The latest published case (when this opinion was being written), stating the rule that we will not review factual issues.

concededly oral and a violation of the statute of frauds; second, there was an accord and satisfaction.

■ *Statute of Frauds*: We fail to see how the statute of frauds has any applicability to a contract of sale where the buyers have received the goods and made a payment therefor; and the only issue between the buyers and the seller is whether the amount paid was the contract price.

The transaction with which we are concerned falls clearly within the first "unless" clause of our statute of frauds.[2]

The appellants' real difficulty is that they simply refuse to accept, as a verity, the trial court's finding that there was an agreement to pay 18 cents a pound for the fryers delivered between May 11 and May 30, 1961. We must and do accept that finding as a verity.

*Accord and Satisfaction*: The fryers were delivered throughout the month of May, beginning May 11. The deliveries made May 11 and 12 were paid for by a check dated May 12, cashed May 17. Those made May 15, 16, 17, and 19 were paid for by a check dated May 19, cashed May 25; those made May 22, 23, 24, and 25 were paid for by a check dated May 27, cashed June 1; and those made May 29 and 30 were paid for by a check dated June 2, cashed June 15.

Each check was accompanied by a statement showing the net weight of the fryers delivered, multiplied by 17 (the price per pound indicated on the statement), and the check was for the resulting amount (disregarding certain deductions and credits not here material).

It is contended that the respondent knew that these checks were being tendered to him as full settlement and that his acceptance of them, under the circumstances, constituted an accord and satisfaction.

■ An accord and satisfaction is founded on contract,

---

[2] "(1) A contract to sell or a sale of any goods or choses in action exceeding the value of fifty dollars shall not be enforceable by action *unless* the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something . . . in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." RCW 63.04.050 (Italics ours.)

and a consideration therefor is as necessary as for any other contract. *Brear v. Klinker Sand & Gravel Co.* (1962), 60 Wn. (2d) 443, 374 P. (2d) 370; *Trompeter v. United Ins. Co.* (1957), 51 Wn. (2d) 133, 316 P. (2d) 455; *Boyd-Conlee Co. v. Gillingham* (1954), 44 Wn. (2d) 152, 266 P. (2d) 339; *Meyer v. Strom* (1951), 37 Wn. (2d) 818, 226 P. (2d) 218; *Plotkin v. Green* (1950), 36 Wn. (2d) 253, 217 P. (2d) 610; *Graham v. New York Life Ins. Co.* (1935), 182 Wash. 612, 619, 47 P. (2d) 1029. See Comment c, 2 Restatement, Contracts § 417, p. 786; 1 Am. Jur. (2d), Accord and Satisfaction §§ 11-16, p. 309.

█ Generally speaking, when a debtor sends to his creditor a check in an amount that the debtor is willing to pay and, at the same time, informs the creditor that the debtor intends the check to be considered as full payment, the creditor, by accepting and cashing the check, agrees to the settlement and cannot thereafter seek additional compensation. *Trompeter v. United Ins. Co., supra; Boyd-Conlee Co. v. Gillingham, supra,* and *Graham v. New York Life Ins. Co., supra.*

However, there was no evidence that the debtors here had informed the creditor that the checks received by him were intended to be considered as full payment; and the rule is equally clear—that when the debtor pays only what in law he is bound to pay and what he admits he owes, such payment by the debtor and its acceptance by the creditor, even though tendered as payment in full of a larger indebtedness, do not operate as an accord and satisfaction of the entire indebtedness because there is no consideration therefor. *Trompeter v. United Ins. Co., supra; Boyd-Conlee Co. v. Gillingham, supra; Meyer v. Strom, supra; Plotkin v. Green, supra; Graham v. New York Life Ins. Co., supra.*

This is the applicable rule in the present case. The appellents paid what they agreed they were obligated to pay, and there was no consideration for the creditor accepting one cent less per pound than called for by his contract.

The respondent testified that, after receiving the first or second check, he contacted one of the appellants and

asked about the extra cent per pound. We quote from the record to indicate the response:

"Q. All right. The question was, that either after the first check was received by you or the second check was received by you, you saw Morris and he told you—you asked him about the extra cent and you say that he said, 'Wait until all of your chicks are in and I will give you an extra cent.' A. That's right."

There is evidence to sustain the trial court's finding:

"That when Acme Poultry Company paid the plaintiff seventeen cents (17¢) per pound for the chickens which are the subject of this lawsuit, such payment was not intended to be and was not accepted as full satisfaction for the sale of such chickens by the plaintiff to the defendant, and the acceptance by the plaintiff of the defendants' check as payment at seventeen (17¢) per pound for such chickens was not as full payment for said chickens." (Finding No. X)

We find no evidence of a meeting of the minds of the parties upon a settlement.

The defense of accord and satisfaction has not been established.

The judgment is affirmed.

OTT, C. J., HUNTER, and HALE, JJ., and MURRAY, J. Pro Tem., concur.