[No. 38115.   Department One.   June 9, 1966.]

LOUISE E. TEEL, *as Executrix, et al., Respondents,* v. CASCADE-OLYMPIC CONSTRUCTION COMPANY, *Appellant.*\*

*Parr & Baker* for appellant.

*Wallace & Fraser,* by *Merrill Wallace,* and *John A. Bishop,* for respondents.

OTT, J.—The Cascade-Olympic Construction Company was the general contractor for the construction of certain buildings for the Olympic Junior College at Bremerton.

March 5, 1959, Carl P. Teel, doing business as Teel Brothers, and Claud V. Stoner, doing business as Claud's Service, were awarded a subcontract by the general contractor to perform the "earth work" required by the contract, for the sum of $8,845. Subsequently, Teel and Stoner agreed to do specified extra work for the general contractor for $750.

The subcontract was fully performed, and the sum of $8,845, plus $750 for the extra work, was paid in full by March 8, 1960.

Thereafter, on or about March 14, 1961, Teel and Stoner commenced an action against Cascade-Olympic Construction Company, contending that they had not been paid for certain extra work. December 21, 1961, while the cause

\*Reported in 415 P.2d 73.

was still pending, the attorneys for Teel and Stoner wrote to the attorneys for the general contractor asking, *inter alia,* whether a retained percentage had been withheld on the subcontract by the general contractor and, if so, whether it had been paid to Teel and Stoner. The general contractor's attorneys replied that Teel and Stoner had been paid in full.

January 7, 1963, with knowledge of the disputed claim for retained percentage and of the pending action for payment for alleged extra work, the parties entered into a written "STIPULATION AND AGREEMENT FOR SETTLEMENT" which provided, *inter alia:*

> WHEREAS, such parties to the action wish to settle and compromise *all claims* existing as between them.

> Now, THEREFORE, they do hereby agree that Louise E. Teel, individually and as executrix of the estate of Carl P. Teel, deceased, and Claud V. Stoner, d/b/a Claud's Service for and in consideration of the sum of FIVE HUNDRED DOLLARS ($500.00), paid by the defendant, receipt whereof is hereby acknowledged, *do hereby forever release any and all claim against Cascade Olympic Construction Company, the defendant herein, from any and all claims arising out of said contract and/or sub-contract or otherwise, and fully release said defendant.* (Italics ours.)

Thereafter, the cause of action commenced on or about March 14, 1961, was dismissed.

March 26, 1964, Louise E. Teel (now Louise E. Howard), as executrix of the estate of Carl P. Teel, deceased, and Claud V. Stoner, doing business as Claud's Service, commenced this action against Cascade-Olympic Construction Company, contending that retained percentage in the sum of $1,326.75 had not been paid. The Cascade-Olympic Construction Company denied that any sum was due and, as an affirmative defense, alleged that the settlement agreement above referred to constituted an accord and satisfaction of the claim.

The trial court found that retained percentage in the amount of $1,326.75 had not been paid, and entered judgment accordingly.

The Cascade-Olympic Construction Company appeals.

Appellant assigns error to the entry of judgment in favor of the respondents, contending that the settlement agreement was a full and complete release of all claims arising out of the subcontract, including the claim for alleged retained percentage.

Accord and satisfaction is based upon the law of contracts. *Dodd v. Polack,* 63 Wn.2d 828, 830, 389 P.2d 289 (1964), and cases cited. When a debtor makes a payment to a creditor on a disputed or unliquidated claim, and informs the creditor that the payment is made in full settlement of all claims, the creditor, by accepting the payment with this knowledge, is bound by the terms of the settlement and cannot thereafter rescind the agreement (in the absence of fraud or mutual mistake) and seek additional compensation. *Dodd v. Polack, supra,* and cases cited; *Hewitt v. Jones,* 149 Wash. 360, 271 Pac. 76 (1928), and cases cited.

In the instant case, there is no contention of fraud or mutual mistake.

The record before us establishes all of the elements of accord and satisfaction. We adhere to the rules announced in the cited cases, and hold that the defense of accord and satisfaction constitutes a bar to this action.

The judgment is reversed, and the cause remanded with instructions to dismiss the claim. Appellant will recover costs.

ROSELLINI, C. J., HUNTER and HALE, JJ., and REVELLE, J. Pro Tem., concur.