[No. 1716-42304-1.    Division One.    July 23, 1973.]

FIELD LUMBER COMPANY, *Appellant,* v. ROBERT A. PETTY *et al., Respondents.*

*Torbenson, Thatcher & McGrath, Inc., P.S.,* and *Thomas F. McGrath, Jr.,* for appellant.

*Cook, Flanagan & Berst* and *Jerry H. Landeen,* for respondents.

FARRIS, J.—Field Lumber Company initiated action on January 20, 1971 to recover the sum of $1,264.73 which it alleged is due and owing from Robert A. Petty, a general contractor doing business with his wife as Pacific Profile

Homes. Hartford Accident & Indemnity Company as surety on the contractor's bond was joined as a party defendant pursuant to RCW 18.27.040. Petty admits that he refused to pay the $1,264.73 but asserts that the claim is unliquidated and was settled by an accord and satisfaction in October, 1970. The trial court agreed. Field Lumber Company appeals.

Petty made numerous purchases from Field Lumber Company during the period June 6, 1968 through January 23, 1970. Field Lumber Company's ledger statement showed a balance of $1,752.21 in October, 1970. Petty acknowledged a balance of $1,091.96 but disputed the difference of $660.25 which represented an allegedly unauthorized $292.60 purchase by an employee and a 1 percent per month finance charge. In early October, 1970, a check in the amount of $500 was mailed to Field Lumber Company with a letter, clear and definite in its terms, indicating that the check must be accepted in full settlement of the claim or returned. The letter also recited that the funds had been borrowed. (See Appendix, Exhibit No. 14.) In response, Field Lumber Company notified Petty by telephone that it would require full payment but cashed the $500 check. The trial court found that this discharged Petty from any further liability on the account. We reverse.

We recognize the general rule that where a sum due is unliquidated or disputed and a remittance of an amount less than that claimed is sent to the creditor with a statement explaining that it is in full satisfaction of the claim, the acceptance of such a remittance by the creditor constitutes an accord and satisfaction. *Ingram v. Sauset,* 121 Wash. 444, 209 P. 699, 34 A.L.R. 1031 (1922); *James v. Riverside Lumber Co.,* 121 Wash. 130, 208 P. 260 (1922); *LeDoux v. Seattle N. Pac. Shipbuilding Co.,* 114 Wash. 632, 195 P. 1006 (1921).

However, this rule is not applicable where a portion of the alleged debt in excess of the amount paid is acknowledged and not in dispute. *See Ferryboatmen's Union v. Northwestern Pac. R.R.,* 84 F.2d 773 (9th Cir. 1936). In

such a case a debtor cannot unilaterally tender a lesser sum than that which it is agreed is due and owing and rely upon the retention of that sum as full settlement of the debt unless there is some additional consideration given therefor.

> An accord and satisfaction is founded on contract, and a consideration therefor is as necessary as for any other contract. *Plymouth Rubber Co. v. West Coast Rubber Co.,* 131 Wash. 662, 231 Pac. 25.

*Katich v. Evich,* 161 Wash. 581, 583, 297 P. 762 (1931).

■ The recognition of a debt in a fixed amount and in excess of the $500 which was tendered under the circumstances here precludes the finding of an accord and satisfaction unless there is proof of new consideration.

> It has long been the rule in this state that payment of an amount admitted to be due can furnish no consideration for an accord and satisfaction of the entire claim. *Seattle, Renton & Southern R. Co. v. Seattle-Tacoma Power Co.,* 63 Wash. 639, 116 Pac. 289; *Seattle Investors Syndicate v. West Dependable Stores,* [177 Wash. 125, 30 P.2d 956]; *Graham v. New York Life Ins. Co.,* [182 Wash. 612, 47 P.2d 1029].

*Meyer v. Strom,* 37 Wn.2d 818, 823, 226 P.2d 218 (1951). Here we cannot find a scintilla of evidence indicating that any new consideration was given. Petty did not borrow the sum after agreeing with Field Lumber Company that he would do so if it would be accepted as full settlement. He borrowed the money of his own volition and then simply mailed the check with a letter after efforts had been made and were continuing to be made to recover the full amount. To find an accord and satisfaction here where a definite portion of the alleged debt was acknowledged to be due and owing and therefore liquidated and undisputed would place a creditor at a disadvantage in accepting partial payments from a reluctant debtor, since by doing so he would be jeopardizing his right to receive the balance, even though in law that balance was in fact due him. It is true that courts look with favor on compromise, but this means genuine compromise, arrived at through mutual agreement.

*See Kibler v. Frank L. Garrett & Sons, Inc.*, 73 Wn.2d 523, 439 P.2d 416 (1968).

The payment of $500 here was a payment on account; whether the disputed sum of $660.25 is due and owing is a proper subject for litigation. The cause is remanded for determination of the question of the balance due on account.

Reversed and remanded.

SWANSON, C.J., and HOROWITZ, J., concur.

APPENDIX

October 2, 1970

Field Lumber Company
10234 S. E. 256th
Kent, Washington   98031
Attn: Larry

Re: Robert A. Petty
d/b/a Pacific Profile Homes

Gentlemen:

Our client, above named, has asked us to transmit to you the enclosed check in the sum of $500.00 in full settlement of your claim against him.

We realize this check represents a little less than 50% of your claim, but in the present market, Mr. Petty has been unable to sell his real estate, or unable to obtain an offer in excess of his cost, or to obtain a figure representative of his equity.

He has been able to borrow the amount enclosed herewith, which is tendered to you, solely upon the condition that it is accepted in full settlement of your claim and your endorsement and collection of the enclosed check will evidence your agreement to that effect.

If the above is not acceptable, will you please return the check without delay.

Yours truly,
COOK, FLANAGAN & BERST
/s/ George S. Cook
GEORGE S. COOK

GSC: sk
Encl.