# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re the Marriage of: )
)
JOHN P. BLACKMON, )
)
                Appellant, )
)
        and )
)
JENIFER L. BLACKMON, )
nka JACOBSEN, )
)
           Respondent. )
)

DIVISION ONE

No. 71830-4-I

UNPUBLISHED OPINION

FILED: July 20, 2015

DWYER, J. — John Blackmon appeals from the decree dissolving his marriage to Jenifer Jacobsen.[1] John's appeal is rooted in a dissatisfaction with the manner in which the trial court divided the couple's assets. Finding no error, we affirm.

I

John Blackmon and Jenifer Jacobsen were married in 1993. During their marriage, John and Jenifer had three children. In early 2012, they separated. On January 25, 2012, John filed a petition for dissolution of the marriage in Snohomish County Superior Court.

On August 15, 2013, a decree of dissolution was entered dissolving the marriage of the parties and bifurcating the case. This was done in order for the

---

[1] Hereinafter, the parties are referred to by their first names.

court to consider separately the issues of property division, child support, and a parenting plan.

On September 10, 2013, John was convicted of two counts of child molestation in the second degree, one count of rape of a child in the third degree, and two counts of child molestation in the third degree. The victim was the couple's eldest child. John was sentenced to 172 months of incarceration.

On February 14, 2014, following a trial, the trial court issued an oral ruling, in which it divided assets, established child support duties, and created a parenting plan. In doing so, the court ruled that John was prohibited from having any contact with his two younger children.

On March 19, 2014, the trial court entered the following orders: "FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BIFURCATION OF CASE; DECREE OF DISSOLUTION; FINAL ORDER OF PARENTING PLAN; AND ORDER OF CHILD SUPPORT FINAL ORDER ENTERED, TO BE FILED BY COUNSEL."

John filed a notice of appeal on his own behalf. Therein, he stated, "John P. Blackmon Respondent seeks review by the designated appellate court of the "Judgment" paragraph 3.3 and 3.15 of the Marriage Dissolution Decree entered on March 19, 2014." Attached to the notice of appeal was the trial court's decree of dissolution.

II

John includes a number of assignments of error, in which he takes issue with the manner in which the trial court divided the couple's assets. John fails,

however, to show any entitlement to appellate relief.

Our consideration of John's appeal is controlled by well-settled principles of appellate review. We consider only evidence that was before the trial court at the time a decision was made. See RAP 9.1, 9.11. We do not weigh conflicting evidence or substitute our judgment for that of the trial court. In re Marriage of Rich, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996). The trial court is the judge of the credibility of witnesses, and we review challenged findings of fact only for substantial evidence in the record before the trial court. See Dodd v. Polack, 63 Wn.2d 828, 829, 389 P.2d 289 (1964). Unchallenged findings are verities on appeal. In re Marriage of Brewer, 137 Wn.2d 756, 766, 976 P.2d 102 (1999).

An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). We generally will not consider claims unsupported by citation to authority, references to the record, or meaningful analysis. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

John's appeal is rooted in his dissatisfaction with the manner in which the trial court divided the couple's assets. In dissolution proceedings, the trial court has broad discretion to make a just and equitable distribution of all property

based on the factors enumerated in RCW 26.09.080.[2] In re Marriage of Rockwell, 141 Wn. App. 235, 242-43, 170 P.3d 572 (2007). A trial court does not abuse its discretion by awarding the separate property of one spouse to the other spouse, so long as the award results in a just and equitable distribution of assets. In re Marriage of Irwin, 64 Wn. App. 38, 48, 822 P.2d 797 (1992). A division of property need not be precisely equal; rather, it must be fair to both parties depending on their circumstances at the time of dissolution. RCW 26.09.080.

The trial court has broad discretion in dividing property in a decree of dissolution and will be reversed only upon a showing of a manifest abuse of discretion. Buchanan v. Buchanan, 150 Wn. App. 730, 735, 207 P.3d 478 (2009). A trial court abuses its discretion if its decision is manifestly unreasonable, meaning that its decision is outside the range of acceptable choices, or is based upon untenable grounds. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). We review the trial court's factual findings for substantial evidence, which is "'evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'"

---

[2] This provision provides, in pertinent part, for the following:
In a proceeding for dissolution of the marriage . . . the court shall, without regard to misconduct, make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors including, but not limited to:
    (1) The nature and extent of the community property;
    (2) The nature and extent of the separate property;
    (3) The duration of the marriage or domestic partnership; and
    (4) The economic circumstances of each spouse or domestic partner at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to a spouse or domestic partner with whom the children reside the majority of the time.
RCW 26.09.080.

Rockwell, 141 Wn. App. at 242 (internal quotation marks omitted) (quoting In re Marriage of Griswold, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002)).

John first contends that the trial court mistakenly failed to consider his disability pension in dividing the couple's assets. As a result of this mistake, John asserts, the trial court abused its discretion. However, John's contention is refuted by the record. No appellate relief is warranted.

John next contends that some of the assets that were awarded to him were no longer owned by either he or Jenifer at the time of distribution. While John acknowledges that he did not discover this fact until after the decree of dissolution had been entered, he nevertheless requests that we reverse the trial court's ruling on the basis of evidence that was not before it. Because neither the facts now asserted to be true nor the claim now presented was advanced to the trial court, before or after trial, no appellate relief is warranted. RAP 2.5(a).

John next contends that the trial court abused its discretion by undervaluing the couple's firearms. In an effort to support this contention, John asserts that the court disregarded witness testimony as to the value of these firearms. It is the court's prerogative to disregard witness testimony that is found not to be credible. Dodd, 63 Wn.2d at 829. In fact, the witness mentioned by John testified that he had not seen the firearms and could not speak to their condition. The firearms eventually sold for $1,200. The court did not abuse its discretion when it assigned the sale value to the firearms.[3]

---

[3] Included within this assignment of error, John asserts that the trial court erred by undervaluing other assets and awarding one item to Jenifer based on a finding that the couple's

John next contends that the trial court abused its discretion by requiring him to assume as liabilities the funds he had withdrawn from his children's savings accounts. John cites no authority in support of his contention. No appellate relief is warranted.

John next contends that the trial court abused its discretion by basing the division of assets and the parenting plan on a finding that John had a mental illness. The record citations provided by John do not legitimate his contention. No appellate relief is warranted.

John next contends that the trial court abused its discretion by directing him and his agents to deal with Jenifer's attorney, Steven Shea, when attempting to take possession of the property that had been awarded to John. John cites no authority in support of this contention. No appellate relief is warranted.

John next contends that the trial court abused its discretion by requiring him to take possession of the property awarded to him within 90 days. He cites no authority in support of this contention. No appellate relief is warranted.

John next contends that the trial court abused its discretion by prohibiting him from having any contact with his children during the remainder of their nonage. We disagree. The court acted within its discretion, and in accordance with RCW 26.09.191,[4] in preventing John from having contact with his minor

---

son would desire it in the future. In pressing this claim, John fails to cite to the record or to relevant authority, and he provides no reasoned argument explaining why he is entitled to appellate relief. No relief is warranted.

[4] This provision provides, in pertinent part, for the following:
The parent's residential time with the child shall be limited if it is found that the parent has engaged in any of the following conduct: . . . (ii) physical, sexual, or a pattern of emotional abuse of a child; (iii) a history of acts of domestic violence

children, where the court was presented with evidence that John had been convicted of multiple counts of child molestation and one count of child rape, and where the victim of his crimes was his eldest daughter.

Affirmed.[5]

We concur:

*[signatures]*

Dwyer, J.

Schindler, J.

Cox, J.

---

. . . or an assault or sexual assault which causes grievous bodily harm or the fear of such harm; or (iv) the parent has been convicted as an adult of a sex offense. RCW 26.09.191(2)(a).

[5] Jenifer requests an award of attorney fees and costs on appeal, but fails to provide argument in support of her request. Her request is denied. See Wilson Court Ltd. P'ship v. Tony Maroni's, Inc., 134 Wn.2d 692, 710-11 n.4, 952 P.2d 590 (1998).