# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALEKSEY KOZLOV and IRINA KOZLOV, husband and wife,<br><br>        Appellants,<br><br>v.<br><br>BROOKHILL LANDSCAPE AND CONSTRUCTION, LLC, a Washington limited liability company,<br><br>        Respondent<br><br>IRONSHORE INDEMNITY INC., a corporation domiciled in the State of Minnesota, bond account number 100178180,<br><br>        Defendant. | No. 78847-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br><br><br>FILED: October 28, 2019 |

APPELWICK, C.J. — Kozlov appeals from summary judgment dismissing his breach of contract claims on the basis of accord and satisfaction. Brookhill tendered a check in complete satisfaction of all amounts due and owing, and Kozlov negotiated the check. Kozlov argues the check could not be consideration for an accord and satisfaction, because it was merely a refund of Kozlov's own funds. We affirm.

FACTS

On December 6, 2015, Alexey and Irina Kozlov entered into a contract with Brookhill Landscape and Construction LLC (Brookhill) for landscaping work on their home. The contract included various projects to be completed at a cost of $65 per hour and a 20 percent markup on materials. The estimated cost was $343,000 plus tax. The Kozlovs paid an initial deposit of $137,200, and agreed to periodic payments while Brookhill completed work.

On April 16, 2016, the parties revised the contract to include additional projects, raising the estimated cost to $420,000. They also agreed the work would be completed before July 16, 2016. The Kozlovs paid Brookhill $137,200 in December, 2015, $100,000 in April 2016, and $100,000 in July 2016. The Kozlovs continued to request additional work until July 2016.

In July 2016, the relationship between the parties began to deteriorate. The work was not completed by July 16. The Kozlovs claimed that Brookhill's crew was not showing up regularly or with sufficient staff to make progress on the job. They further contended that Spencer Bowhay, the manager at Brookhill, was unresponsive and combative in response to inquiries about the project. On July 27, 2016, the Kozlovs' attorney sent Brookhill a letter indicating their desire to terminate the contract. The attorney demanded that Brookhill return the most recent $100,000 payment. The letter indicated that a third party would assess additional damages owed to the Kozlovs.

In response, Brookhill sent the Kozlovs' attorney a letter, enclosing a check and a copy of the accounting ledger of the contract. The check was for $23,611,

2

which, according to Brookhill and the accounting ledger, was the difference between the total payments received and the total invoices. The letter said, that the check was given "in full settlement of all amounts owing under the contract." And, the back of the check said, "Full and final payment in complete satisfaction of all amounts due and owing." The Kozlovs deposited the check on August 24, 2016.

The Kozlovs filed this lawsuit 19 months later, on March 18, 2019. They now seek almost $400,000 in damages they claim to have paid to another contractor to complete the projects and $217,000 in restitution to recover amounts paid to Brookhill. Brookhill asserted an accord and satisfaction as an affirmative defense, and moved for summary judgment on that basis. The trial court granted summary judgment to Brookhill. The Kozlovs appeal.

## DISCUSSION

The Kozlovs contend that accord and satisfaction fails for want of consideration. Specifically, they claim that Brookhill's payment of $23,611 cannot serve as consideration because it was a refund of the Kozlovs' money.

Summary judgment is appropriate when no genuine issues exist as to any material fact and the moving party is entitled to judgment as a matter of law. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). We review summary judgment decisions de novo. Id.

The doctrine of accord and satisfaction allows parties to agree to discharge duties owed under a contract through a performance different than the one owed. See Nw. Motors, Ltd. v. James, 118 Wn.2d 294, 303, 822 P.2d 280 (1992). Accord and satisfaction requires that the parties have (1) a bona fide dispute; (2) an

3

agreement to settle that dispute; and (3) performance of that agreement. Paopao v. Dep't. of Soc. & Health Servs., 145 Wn. App. 40, 46, 185 P.3d 640 (2008).

In their termination letter, the Kozlovs requested a refund of their previous $100,000 deposit and indicated that they would have additional demands for damages. Brookhill responded with a different amount. It invoiced unbilled labor and material costs and deducted them from the $100,000 advance, and then offered the remaining $23,611 in full payment of all amounts due. There was, therefore, a bona fide dispute between the parties over what was owed to the Kozlovs.

The Kozlovs contend that this payment was in fact an independent obligation, separate of other potential debts under the contract. They claim this is so because Brookhill did not dispute that this money was owed to the Kozlovs. Therefore, they argue that to keep this amount would have constituted conversion or larceny. In their estimation, because Brookhill conceded that it owed the amount offered, it cannot serve as an accord and satisfaction but rather was the fulfilment of an independently owed obligation.

The Kozlovs point to Field Lumber v. Petty, 9 Wn. App. 378, 512 P.2d 764 (1973), to support this proposition. In that case Petty attempted an accord and satisfaction by tendering payment of $500 despite acknowledging that he owed $1,092 Id. at 379. Field Lumber asserted that Petty owed $1,752. Id. at 379-80. The court ruled that the $500 payment could not constitute an accord and satisfaction in spite of the bona fide dispute of the total amount due, because it was less than Petty himself acknowledged that he owed. See Id. at 380-81. It

stated that accord and satisfaction is not applicable "where a portion of the alleged debt in excess of the amount paid is acknowledged and not in dispute." Id. at 379 (emphasis added).

Field Lumber answers the question of when new consideration is required for an accord and satisfaction. Id. at 380. Under Field Lumber, new consideration is required when the debtor tenders any amount less than they acknowledge to the creditor that they owe. Id. Where, as here, the debtor and creditor disagree on the amount owed, new consideration is required only when the debtor attempts to settle by tendering an amount less than the debtor acknowledges is owed. See id. Where the debtor tenders what they acknowledge they owe in settlement of the dispute, no new consideration is required. Id. at 379.

Unlike Field Lumber, here Brookhill had not acknowledged a debt in excess of the amount it tendered. The Kozlovs contended they were owed $100,000 plus yet-to-be-determined damages. Brookhill contended the Kozlovs were owed $23,611, and tendered that amount. Therefore, Field Lumber does not apply and no new consideration is required.

An accord and satisfaction is implied when the amount due is disputed, the debtor tenders a check in full payment of the debt, and the creditor cashes the check. Evans v. Columbia Int'l Corp., 3 Wn. App. 955, 957, 478 P.2d 785 (1970). Brookhill indicated on the check that its payment of $23,611 was in "[f]ull and final payment in complete satisfaction of all amounts due and owing". Brookhill also included a letter with the check stating the payment was "in full settlement of all

amounts owed under the contract." The Kozlovs cashed the check. The elements of accord and satisfaction are met.

We affirm.

WE CONCUR:

_Appelwick, C.J._

_Smith, J._

_Verellen, J._